WILLIAM A. SCAPLEN *vs.* WALTER E. BLANCHARD.

Essex.    November 3, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Deed*, Confirmatory.  *Evidence*, Extrinsic affecting writings.  *Practice, Civil,* Exceptions.

A purely confirmatory deed, given to replace one of the same tenor supposed to be lost, conveys no title and is merely evidence of the original deed. Oral evidence is admissible to identify the lost deed referred to and to show the time of its delivery, such evidence having no tendency to contradict or enlarge the meaning of the new deed.

The admission of incompetent evidence which did no harm to the excepting party is not a ground for exception.

WRIT OF ENTRY, dated February 26, 1901, for a parcel of land in Lynn.

The tenant pleaded nul disseisin. In the Superior Court the case was tried before *Pierce,* J., without a jury. The demandant requested the judge to rule: 1, that upon all the evidence

the demandant was entitled to recover, and 2, that the demandant had as against the tenant the record title to the premises described in the writ. The judge refused to give either of these rulings, and made the following finding: [The judge finds] "so far as it is within the power of the court to find as a fact that the deed of February 28, 1877, recorded in Book 972 Leaf 231 was given to take the place of a deed which was delivered on April 23, 1873, previous to the deed of Edward Mahon to Walter E. Blanchard, and finds as a result of all the evidence that the demandant has not shown title."

The judge found for the tenant; and the case came before the court on a petition of the demandant under R. L. c. 173, § 110, to establish the truth of exceptions, and the report thereon of a commissioner appointed by this court, the purport of which is stated in the first paragraph of the opinion.

*J. C. Batchelder*, for the demandant.

*W. H. Niles & E. M. Stevens*, for the tenant.

KNOWLTON, C. J. The commissioner, appointed to consider the petition to prove exceptions, has made a report presenting a bill of exceptions agreed to by both parties, which is the original bill with slight amendments, and which he finds to be in all respects conformable to the truth. It also appears that the original bill was drawn in good faith, in the belief that it fairly set forth the rulings and the evidence, and the commissioner finds that the disallowance of it resulted from a misunderstanding between the parties. We therefore will consider the questions presented by the exceptions.

In 1871 the tenant in this action and one Hurley were the owners of a tract of land which included the demanded premises. By a quitclaim deed, dated April 2, 1873, they conveyed it to Edward Mahon. By a warranty deed dated April 23, 1873, Mahon conveyed a part of it, including the demanded premises, to the present tenant. In 1877 Hurley and the tenant executed to Mahon another deed bearing date February 28, 1877, describing the same premises that were described in their deed to him dated April 2, 1873, and containing in the *in testimonium* clause these words: "This deed is given to take the place of a deed given April 23, 1873, and is lost. Said lost deed being of the same tenor as this one." It is to be noticed that at this

time the tenant, through Mahon's deed of April 23, 1873, had acquired a title to a part of the property described in these deeds to Mahon, which was later than his original title that he and Hurley conveyed to Mahon. The question at the trial was whether Mahon, by this confirmatory deed from Hurley and the tenant, if we may call it so, acquired, in addition to the original title which he had previously held, the new title of the tenant which he himself conveyed to the tenant by the deed of April 23, 1873.

In 1881 Mahon executed to one McCormick of Brooklyn, New York, a deed whose description included, with other land, the demanded premises, and the demandant claims under this last conveyance. Although the tenant raises the question whether the demandant has the title which McCormick took under this deed, we will assume in favor of the demandant that he has. We therefore come back to the deed of February 28, 1877, to determine its legal effect, in view of its peculiar language relative to the lost deed. The recital purported to show that the grantee previously had acquired a perfect title to the property, and that his only embarrassment in regard to it resulted from a loss of the deed. If the deed had not been recorded, he was left without a visible paper title. To obtain the muniments of title by compulsory process, he would be obliged to bring a suit in equity. If the deed was recorded he not only had a good title, but he easily could establish it by proof. Presumably he did not know, or did not remember that the deed had been recorded, and he accordingly obtained the second deed. In considering it, the judge well might receive proof of the situation and previous dealings of the parties, in reference to the subject referred to in it, for the purpose of applying the language of the deed, and especially of the recital in it, to the conditions to which it related. *Whittier Machine Co.* v. *Graffam*, 156 Mass. 415. Accordingly evidence was received that the deed of April 2, 1873, which, except in date and the language of the *in testimonium* clause, was identical with the later deed, was given at the same time as the deed from Mahon to the tenant, which bore date April 23, 1873. The tenant also was allowed to testify that he never gave Mahon any other deed than the two which are before us.

If there had been no evidence before the court other than
the language of the deed itself to show its meaning, the recital
would show, as between the parties and those claiming under
them, that it was not given to create a new title, but only to
perfect the evidence of a title created long before.    It was
"given to take the place of a deed given" previously, which
had been lost.    It was "of the same tenor" as the lost deed.
Taking all its language together, it did not purport to convey
anything.    So far as it was a deed at all, it was strictly a con-
firmatory deed.    See *Branham* v. *Mayor & Common Council of
San Jose*, 24 Cal. 585, 606 ; *Ing* v. *Brown*, 3 Md. Ch. 521 ; *Fryer*
v. *Rockefeller*, 63 N. Y. 268; *Fauntleroy* v. *Dunn*, 3 B. Mon.
594, 617.    Of a confirmatory deed it has been said by an ele-
mentary writer that, "Confirmation is the approbation or as-
sent to an estate already created, which, as far as it is in the
confirmer's power, makes it good and valid: so that the con-
firmation doth not regularly create an estate ; but yet such words
may be mingled in the confirmation, as may create and enlarge
an estate ; but that is by the force of such words that are foreign
to the business of confirmation, and by their own force and power
tend to create the estate."    Gilbert on Tenures, 107.    As against
the grantors the grantee had a perfect title by his former deed.
It was as if the deed in question had declared that the grantee
became the owner of the property in April, 1873, and lost the
usual evidence of his ownership, and that the new deed was
given as additional evidence of the fact.    Such a writing creates
no title, and conveys nothing which has come into the grantor's
ownership since the making of the original deed.    It takes the
place of the original deed, and is evidence of the making of the
former conveyance as of the time when it was made.    If under
our system of registration or otherwise, it is necessary to give it
effect as in itself a conveyance, it is only confirmatory evidence
of the title which passed by the original deed.    The oral testi-
mony introduced makes it very plain that the deed referred to in
the recital is the deed bearing date April 2, 1873, and that the
statement that it was given April 23, means that it was delivered
then, at the same time as the deed from Mahon to the tenant,
which was dated April 23.    Probably its date was not remem-
bered when the new deed was made.

The oral testimony objected to had no tendency to contradict or enlarge the meaning of the deed.  If no such testimony had been introduced, the deed on its face would be construed as furnishing evidence of a title which had been created previously, and not as creating a new title.  But full information in regard to the subject to which it relates simply confirms its obvious meaning.

It is questionable whether the deed from Mahon bearing date March 24, 1877, conveying the easterly half of Eastern Avenue, adjoining the land described in the deed of April 23, 1873, from Mahon to the tenant, was strictly competent.  It was made a short time after the deed in question, and it is an act which tends somewhat to show the understanding of the parties to it at the time.  The deed from Mahon, under which the demandant claimed, was made several years afterwards, when this deed had been recorded in the registry.  Whether it was competent or not, the admission of it did the demandant no harm.  Upon the undisputed facts the judge could not find for the demandant and the finding for the tenant was correct.

*Exceptions overruled.*