FRANK W. HAMILTON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 13, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Conduct of trial: requests, rulings and instructions, judge's charge; Exceptions. *Negligence,* Street railway.

At the trial of an action against a street railway company to recover for personal injuries caused by the plaintiff being thrown down as he was attempting to board a car of the defendant, there was evidence introduced by the defendant tending to show that the plaintiff attempted to board the car while it was moving, and the defendant asked for a ruling that, "if the plaintiff attempted to board a moving car, he cannot recover." The judge assumed that the ruling asked for was intended to call his attention only to the question of the plaintiff's due care. *Held,* that the judge was justified in making such an assumption, and that, if the defendant wished to have the ruling made with reference to the question of the defendant's negligence, he should have so requested in unmistakable language.

To attempt to board an electric street car while it is in motion is not negligence as a matter of law.

Where, at the trial of an action against a street railway company for personal injuries, the defendant's counsel asked for a ruling which, so far as appeared from its wording, he might have intended to have applied either to the question of the due care of the plaintiff or to the question of the negligence of the defendant, and he did not make clear to which branch of the case he wished to have it applied, an exception by the defendant to a failure of the judge to give the ruling with regard to the question of the defendant's negligence cannot be sustained.

If an electric street car is stopped to receive passengers, it is the duty of the conductor, before giving a signal to start the car, to ascertain, if he can do so by the exercise of due care, caution and diligence, that all who desire to board the car have had an opportunity to do so and that no person is attempting to get on the car under such circumstances as would make it dangerous to signal for the starting of the car.

Unless substantive error or injustice plainly appears, a general exception to specific portions of the charge of a judge to a jury will not be sustained, if no specific requests were made by the excepting party, pointing out his objections.

BRALEY, J.    This is an action of tort for personal injuries suffered by the plaintiff while attempting to board a car of the defendant. At the trial in the Superior Court* he recovered a verdict, and the case is here on the defendant's exceptions.

---

* Before *Hitchcock,* J.

The evidence as to the plaintiff's position at the time of the accident is irreconcilable. If the jury believed the statements of the plaintiff which were corroborated by his companion and witness Freeman, the car stopped at the regular stopping place after they had signalled the motorman, when, as the plaintiff following Freeman reached the rear part of the running board, the conductor, who stood "right over him," gave two bells, the car started and threw him to the ground. The defendant's evidence, however, tended to show that the plaintiff, running from behind, attempted to board the car at the rear while it was in motion and before it reached the stopping place. It is manifest as the case stood when the evidence closed, that the usual questions of the plaintiff's due care, and of the negligence of the defendant's servants were for the jury under appropriate instructions.

The only request presented by the defendant asked for a ruling, that "if the plaintiff attempted to board a moving car, he cannot recover." The defendant concedes, that where a person, desiring to become a passenger, attempts to get on a moving car, it cannot be said as matter of law that he failed to use ordinary prudence. But it contends, that under the circumstances to which full reference has been made, the judge should not have denied the request. The presiding judge was required to rule and instruct upon the whole evidence and not upon part of it, and even on the defendant's theory the jury could find, that the plaintiff exercised ordinary care. *Neff* v. *Wellesley*, 148 Mass. 487.

The real ground of defense upon the defendant's evidence, however, was, that even if the plaintiff could be found not to have been at fault, there was no proof of its negligence. In the ordinary acceptation of words, the judge assumed and was justified in assuming that the defendant intended to call to his attention only the question of the plaintiff's due care. This is very plainly shown by the following instructions: "The rule of law so far as the plaintiff's position is concerned, is this: . . . If the car is not stopped to receive passengers and he undertakes to get on the car, then the question of fact is presented whether in attempting to do so he acts as a reasonably prudent person would act. I cannot say to you as a matter of law that it is carelessness on his part to attempt to get on a moving car, because I do not understand that that is the law. . . . You are to say in the first place whether

he did attempt to get on a moving car or not. If he did, whether his action in so doing was that of a reasonably prudent and careful person."

It was the duty of counsel if he wished an instruction such as he now contends for to have said so in unmistakable terms, and the failure at the trial to make his position clear cannot be supplied by a possible double meaning of the request.

The defendant also excepted to the instructions quoted, but they were correct as matter of law.

The following instructions, that "in regard to the second proposition, the question is presented as a question of fact, was there any negligence on the part of the defendant company? And by that is meant in this case, was there any negligence on the part of the conductor in starting the car? The rule of law is substantially this, briefly stated, that if a car is stopped to receive passengers, it is the duty of a conductor, before giving the signal to start the car, to ascertain, if he can by the exercise of due care, caution and diligence on his part, that all who desire to board the car at that time have had an opportunity to do so, and that no person was attempting to get upon the car under such circumstances as would make it dangerous for him to give a signal to start the car. That does not necessarily mean that the conductor under all circumstances is bound to look around and see, but it does mean that he must exercise that care which I have indicated by the terms 'due care, caution and diligence,' " were also applicable to the evidence, and afford no ground of complaint.

The entire charge, although given in so far as material, does not appear in the record, and the remaining exceptions were taken to portions of the instructions during a colloquy between the judge and the defendant's counsel. The running commentary is as follows: "I thought there were parts of your charge that are consistent with the proposition that if the conductor had a car standing still and saw somebody running towards it and started it before the man got to it, that he might recover." The judge then said, "No, I did not say that." The counsel for the defendant then said, "I understood from your charge that if a conductor saw somebody running towards a car, it would be evidence of negligence on the part of the defendant to start the car when the conductor saw a man coming towards it." The judge however

had instructed the jury as follows: "If a conductor acting in that way sees no one who is desirous of taking the car, he is then at liberty to give a signal to go ahead. He is not bound to anticipate that anyone is going to come running around the car to take it, or run after the car unless he sees them do so. If he does not there would be no negligence on the part of the company in doing so." To this part also of the charge the attention of the judge was directed, and counsel for the defendant made the following incomplete statement, but not within hearing of the jury: "It seems to me that your view that a conductor may be negligent who gives a bell to start the car while somebody is running towards it" — when the judge again said, but not within the hearing of the jury, "I think it would be evidence of negligence." The exceptions state, "To the part of the charge above set forth the defendant duly excepted," and "The attention of the judge was again directed to the defendant's request," and the defendant excepts "to the charge as being inconsistent with such request." It is to be observed, that although in reply to counsel the judge said that in his opinion "it would be evidence of negligence" on the part of the conductor to start a car while somebody is running toward it, yet this was not said to the jury or in their hearing, and the instructions as set forth are not open either directly or by implication to this interpretation, and the defendant excepted to the instructions actually given, not to the views of the judge expressed in the presence of the jury but not within their hearing. It may be that in the opinion of counsel the instructions were not sufficiently full, and should have been elaborated as to what the jury should find if they accepted the defendant's theory of the accident, but he did not ask for more specific instructions on this point. A general exception to specific portions of the charge where no specific requests are asked for will not be sustained unless substantive error or injustice plainly appears. *Commonwealth* v. *Meserve,* 154 Mass. 64.

We are of opinion that when read together the instructions as reported were adapted to the evidence, and the jury must have understood, that, if the plaintiff attempted to board the car in the manner urged by the defendant, no negligence on the part of the company had been shown. *Adams* v. *Nantucket,* 11 Allen, 203, 205. *Wilson* v. *Terry,* 11 Allen, 206. If as appears from the

verdict they believed the plaintiff's version, this is not an error of law.

*Exceptions overruled.*

*H. D. McLellan,* for the defendant.
*J. J. Irwin,* for the plaintiff.