NATHAN D. A. CLARKE *vs.* MASSACHUSETTS TITLE INSURANCE COMPANY.

Suffolk.  November 18, 19, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Rulings of judge sitting without jury, Exceptions.

Where a judge, before whom, sitting without a jury, an action at law was tried, ruled as matter of law that upon all the evidence the plaintiff was not entitled

———

to recover, and the plaintiff excepted to this ruling, if the ruling was wrong the exception to it will be sustained, although after making the ruling the judge found for the defendant and there was evidence amply warranting such a finding on the facts.

LORING, J. At some time before March 12, 1897, the plaintiff, described in the writ as "of Swampscott" in this Commonwealth, "visited one or more of the heirs of" Bernard A. "McCormick in New York," and "offered the McCormick heirs $100" for a conveyance of a parcel of land in Lynn, of which neither they nor their ancestor ever had possession. The offer was accepted, and on March 12, 1897, the heirs conveyed the premises to the plaintiff. The plaintiff considered this parcel of land to be worth $4,000 at that time. Fifteen days later (on April 7, 1897), on the plaintiff's suggestion, one Scaplen, a tenant of his, took from the plaintiff what purported to be a deed of this land and gave back to the plaintiff what purported to be a note for $4,000 secured by what purported to be a mortgage of this parcel of land. Four days after (to wit, on April 11, 1897), the plaintiff procured from the defendant a policy insuring his title as mortgagee of this parcel of land. It was decided in *Scaplen* v. *Blanchard,* 187 Mass. 73, that no title passed to the plaintiff under the deed of this $4,000 tract of land for which he paid $100. Later this action * was brought by the plaintiff against the defendant title insurance company. It was agreed that Scaplen "was a straw man, meaning a mere nominal man in the transaction."

On this evidence the judge † before whom the case was tried without a jury ruled as matter of law that upon all the evidence the plaintiff was not entitled to recover; and found for the defendant. The plaintiff excepted to the ruling.

The evidence amply warranted a finding that both the plaintiff's deed to Scaplen and the mortgage back to the plaintiff were shams executed to enable the plaintiff to offer to the defendant for insurance what purported to be a real mortgage but what was in fact nothing more than a pretended mortgage. The judge made a finding which the defendant contends was a finding to that effect. But the difficulty is that the judge ruled as matter of law

---

* Upon the policy of title insurance.
† *Bell, J*

that the plaintiff was not entitled to recover, and then undertook
to dispose of the case on a finding of fact which as matter of law
he was not bound to make.

The entry must be

*Exceptions sustained.*

*S. Parsons,* for the plaintiff.
*W. H. Niles,* for the defendant.