CLARA E. SAWYER, administratrix, vs. WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.

Worcester.   September 30, 1918. — October 15, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Street railway.   *Practice, Civil*, Exceptions, Requests and rulings,
Judge's charge, New trial.

In an action by an administrator against a street railway company for causing the
death of the plaintiff's intestate by striking him with the front corner of a street
railway car of the defendant, when the intestate on foot had turned to cross the
track in front of the moving car, the presiding judge instructed the jury, "that
the car and the man had equal rights upon the street; neither had any right to
the exclusion of the other." The jury found for the defendant and, on excep-
tions alleged by the plaintiff, it was *held* that the instruction quoted was correct
and was sufficient on the subject.

In the case above described there was evidence of the defendant that the intestate
walked along in the street by the side of the defendant's track and then turned
to the left and stepped on the track in front of the moving car, and it was *held*
that the presiding judge properly refused to give an instruction requested by
the plaintiff which was based on the assumption that the intestate was run into
from behind by the defendant's car.

In the same case, where the judge sufficiently and accurately had stated to the
jury the relative rights of a pedestrian on a highway and of a street railway
company operating a car upon its tracks on the highway, it was *held* that this
subject was covered sufficiently by the judge's charge and that it was the duty
of the jury to consider the particular circumstances of the case as shown by the
evidence to have existed at the time of the accident, as they correctly were told
to do by the judge.

It is the duty of a presiding judge to state in his charge to the jury the principles
of law applicable to the issues on trial, and it is within his province under R. L.
c. 173, § 80, to state the testimony in his instructions fairly and impartially and
to submit to the jury all questions of fact material to the issues in dispute with-
out prejudice and without any attempt to influence their verdict. In the case
above described it was *held* that the judge clearly and accurately and with apt
illustrations pointed out to the jury the duty which the defendant's motorman,
in the operation and management of the car, owed to the plaintiff's intestate.

Upon exceptions to certain portions of the charge of a presiding judge, where the
counsel for the excepting party did not call the judge's attention at the trial
to any particular insufficiency or inaccuracy in his instructions to the jury and
no complaint was made that further or different instructions were not given,
in order that the exceptions may be sustained it is necessary for the excepting
party to show that some injustice has been done.

Upon an exception to an order of a judge denying a motion for a new trial, the

excepting party cannot raise for the first time an objection to the sufficiency of an instruction of the judge to the jury on a certain point in regard to which he had raised no question at the trial.

TORT by the administratrix of the estate of Charles H. Sawyer for causing the death, without conscious suffering, of the plaintiff's intestate on February 27, 1917, by knocking him down with a street railway car of the defendant on Millbury Street in Worcester. Writ dated March 22, 1917.

In the Superior Court the case was tried before *Fox,* J. The evidence is described in the opinion. At the close of the evidence · the plaintiff asked the judge to make the following rulings:

. "1. Street cars, while they must run on tracks provided for them, have no exclusive right of way which puts upon persons travelling otherwise the burden of constantly looking and listening for their approach, so that if they fail to do so and are injured their conduct should invariably be held to preclude recovery.

"2. It is always a consideration of importance, especially when the injured person is run into from behind, who first got the possession of the street; that is, was the injured person, having looked before going into the street, sufficiently ahead of the oncoming car or vehicle that he reasonably may expect its driver to see him and avoid running into him whether he continues in the line in which he is moving or turns to further cross the street.

"3. While it is unquestioned that the collision would not have occurred if the deceased had not attempted to cross the street, yet it cannot be ruled as a general proposition of law that the traveller is necessarily negligent because he attempts to cross a street even without first looking or listening to ascertain whether a vehicle is approaching. Such a traveller has a right, in the absence of anything to the contrary, to assume that other persons using the highway will exercise a proper degree of care toward him."

The judge refused to make the rulings requested except as they were covered by his charge to the jury. The jury returned a verdict for the defendant.

The plaintiff filed a motion for a new trial, alleging as a ground or reason therefor, among others, the following: "4. That the jury were given no instructions as to the applicability of St. 1914, c. 553, § 1, relative to the due care of the plaintiff, no reference to the

provisions of said statute relative to the presumption of due care of the plaintiff being made in the charge of the court to the jury, the action, however, being brought for the death of the plaintiff's intestate under the provisions of St. 1907, c. 375, § 1." The judge denied the motion.

The plaintiff alleged exceptions to the refusal of the judge to make the rulings requested by her, to certain designated portions of the charge, which are described in the opinion, and to the denial of her motion for a new trial.

*M. M. Taylor,* for the plaintiff. Captain *M. C. Taylor,* who assisted in the preparation of the brief, was absent on military service in France.

*C. C. Milton,* for the defendant.

CROSBY, J. This is an action to recover damages for the death of the plaintiff's intestate, who, while attempting to cross Millbury Street in Worcester at about eleven o'clock in the evening of February 27, 1917, was struck by an electric car of the defendant and received injuries which resulted in his death. Millbury Street extends in a northerly and southerly direction, and upon it at the place of the accident the defendant maintained double tracks.

The case was submitted to the jury and a verdict was returned for the defendant.

The plaintiff excepted to the refusal of the presiding judge to give three requests for instructions except so far as they were covered by the charge; and also, to certain portions of the charge, and to the denial of a motion for a new trial.

The usual questions of the plaintiff's due care and the defendant's negligence were submitted to the jury upon the issue of liability.

The plaintiff was not entitled to have her first request given even if it embodied a correct statement of the law. The presiding judge already had stated to the jury that, "It is said, and it is true, that the car and the man had equal rights upon the street; neither had any right to the exclusion of the other." There was no contention made by the defendant that the deceased failed to look as the car approached him or that he was obliged to look and listen constantly for the approach of the car to entitle the plaintiff to recover. The instruction given was ample and sufficient.

The second request was framed upon the assumption that the deceased was run into by the car from behind. While the plaintiff's evidence tended to show that the deceased was attempting to cross the street to a white post "in a direct course and by a diagonal line," on the other hand, the defendant's evidence tended to show that the deceased walked alongside the track, then turned to the left and stepped upon it in front of the car and was struck by the front corner of the car. In view of the evidence, this request was properly refused.

There was no error in the refusal of the judge to give the plaintiff's third request. The relative rights of a pedestrian and of a street railway company operating its car upon the highway were sufficiently and accurately stated to the jury. It was the duty of the jury to consider the particular circumstances of the case as shown by the evidence to have existed at the time of the accident, and they were so instructed. *L'Hote* v. *S. B. Dibble Lumber Co.* 203 Mass. 294, 298.

The plaintiff excepted to three portions of the judge's charge, contending that the parts so excepted to amounted to a charge upon the facts, because the test of the motorman's care was incorrectly stated to the jury, and because the judge in his charge unduly emphasized the defendant's contention and did not sufficiently refer to the plaintiff's testimony and theory of the case. Upon a careful consideration of the portions of the charge excepted to, read in connection with the whole charge, we are of opinion that the criticisms made by the plaintiff are not well founded. It is the duty of the judge presiding over a jury trial, to state to the jury the principles of law applicable to the issues on trial, in order that they may arrive at an intelligent and just verdict. *Maxwell* v. *Massachusetts Title Ins. Co.* 206 Mass. 197, 200. *Williams* v. *Winthrop*, 213 Mass. 581.

Not only is it within the province of a presiding judge to state the testimony in his instructions (R. L. c. 173, § 80), but such statement is often helpful to the jury in applying the rules of law applicable to the issues presented. If a statement of the testimony is made by the judge, it should be fair and impartial; he should submit to the consideration of the jury all questions of fact material to the issues in dispute, without prejudice and without any attempt to influence their verdict. We find nothing in the

charge to indicate that the judge expressed any opinion upon any issue of fact or upon the weight or credibility to be given to any of the testimony.

In no part of the instructions do we find language which, reasonably construed, amounts to a charge upon the facts. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 514, 515. The judge clearly and accurately and with apt illustrations pointed out to the jury the duty which the motorman, in the control and management of the car, owed to the deceased.

We are also of opinion that the portions of the charge excepted to were not misleading or biased, and that these portions of the instructions gave no undue prominence to the defendant's contention and made proper and adequate reference to the evidence presented by the plaintiff.

The judge's attention was not directed at the time to any particular insufficiency or inaccuracy in the instructions, and no complaint was made that further or different instructions should have been given. Under such circumstances, that these exceptions may be sustained it is incumbent on the plaintiff to show that some injustice has been done. We find nothing to warrant such a conclusion. *Rock* v. *Indian Orchard Mills*, 142 Mass. 522, 529. *Commonwealth* v. *Meserve*, 154 Mass. 64, 75. *Barker* v. *Loring*, 177 Mass. 389, 391. *Hamilton* v. *Boston Elevated Railway*, 213 Mass. 420, 423.

The only other exception is to the denial of the plaintiff's motion for a new trial. It is the contention of the plaintiff that the judge did not fully and accurately instruct the jury as to the effect of St. 1914, c. 553. Upon this question the instruction was as follows: "And the burden of showing a lack of due care on the part of Mr. Sawyer rests upon the defendant just as the burden of showing a lack of due care upon the part of the motorman rests upon the plaintiff." The plaintiff made no request for a ruling based upon the statute and raised no question at the conclusion of the trial as to the accuracy of the instruction as given. If the plaintiff felt that the judge, in addition to the instruction above referred to, should have stated to the jury, in substance, that under the statute the deceased was presumed to have been in the exercise of due care, it was her duty to make a request to that effect, or at the end of the charge call the judge's attention to the omission.

It is plain that the sufficiency of the instruction cannot now be raised, for the first time, by an exception to the denial of a motion for new trial upon that ground.

As no error appears upon the record, the entry must be

*Exceptions overruled.*