NATHAN D. A. CLARKE *vs.* MASSACHUSETTS TITLE INSURANCE COMPANY.

Essex.    November 16, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance,* Of title to real estate.  *Practice, Civil,* Requests, rulings and instructions, Exceptions.

One, who, after he had conveyed his title in certain real estate, for which he had paid only $100, to a nominee from whom he had received as consideration only a note for $4,000 secured by a mortgage upon the property, procured from a title insurance company a policy of insurance of his title as mortgagee and, the title insured afterwards proving to be worthless, brought an action on the policy, at the trial of which there was evidence warranting a finding that both the plaintiff's deed to his nominee and the mortgage back to the plaintiff were shams, executed to enable the plaintiff to offer to the defendant for insurance what purported to be a real mortgage but what was in fact nothing more than a pretended mortgage, and the defendant asked for an instruction to the jury that, if they so found, they would be justified in finding for the defendant.  The judge did not give the instruction in form or in substance, but did give an instruction in substance that there was no evidence on the part of any one representing the defendant that, if such a fact had been revealed, the defendant would not have issued the policy.  *Held,* that, the fraud which the request refers to being actual fraud, the instruction requested should have been given.

At the trial of the action above described, the defendant also asked for a ruling that the plaintiff was not a *bona fide* mortgagee and that he had sustained no loss under the policy.  *Held,* that the consideration of the mortgage to the plaintiff was the fee which he had conveyed to his nominee, the mortgagor, and therefore that the ruling as a matter of law could not have been made.

The policy which was the subject of the action contained a clause providing that any untrue statement or suppression of a material fact affecting the title would

avoid the policy. The defendant asked for a ruling that in all the circumstances the plaintiff owed the defendant the duty to disclose to it the real nature of his mortgage, and for an instruction that, if the jury found that the plaintiff purchased the land in question for $100, believing it to be worth $4,000, they would be justified in finding that such fact indicated a probable dispute as to title and, if they so found and found further that that fact was not made known to the defendant, the plaintiff could not recover. In his charge the judge stated in substance that it was the duty of the plaintiff to disclose all material facts which affected the title, and that the verdict should be for the defendant if he had not done so; and at the close of the charge stated, "I think I have covered all the . . . requests, substantially. If I have failed to do so, counsel will call my attention to it." The defendant's counsel made no response. Upon exception by the defendant after a verdict for the plaintiff, it was *held* that the defendant, not having asked for more definite instructions after the statement of the judge, could not complain that his requests were not given in form or more particularly in substance.

CONTRACT upon a policy of insurance of a title to real estate described in a mortgage. Writ dated December 29, 1916.

The action was referred to an auditor and later was tried before *Dubuque*, J., upon the auditor's report and other evidence. Material evidence at the trial is described in the opinion.

At the close of the evidence, the defendant made the following requests for rulings and instructions:

"1. That under all the circumstances the plaintiff owed the defendant the duty to disclose to it the real nature of the mortgage.

"2. That the policy in suit is not a guarantee of title, but simply a contract for indemnity.

"3. In order to recover under a contract of indemnity it is incumbent upon the plaintiff to show that he has sustained some actual loss or damage.

"4. That the plaintiff was not a *bona fide* mortgagee and has sustained no loss under this policy."

"6. Liability under the terms of the policy, that the plaintiff should have disclosed to the defendant all the facts known to him indicating a defect or probable dispute of the title.

"7. If the jury find that both the plaintiff's deed to Scaplen and the mortgage back to the plaintiff were shams, executed to enable the plaintiff to offer to the defendant for the insurance what purported to be a real mortgage, but what was in fact nothing more than a pretended mortgage, the jury will be justified in returning a verdict for the defendant.

"8. One of the conditions of the policy upon which the plaintiff

seeks to recover is to the effect that any untrue statements or suppression of material facts affecting the title or failure to disclose any known liens or adverse claims to the estate of the insured or his agent, shall avoid this policy, except as against the mortgagee not privy thereto, holding with the assent of this company. The plaintiff is privy to the policy of this insurance.

"9. If the jury find that the plaintiff purchased the land in question, believing it to be worth $4,000, for the sum of $100, they would be justified in finding that such fact indicated a probable dispute as to title, and if the jury so find, and further find that this fact was not made known to the defendant the plaintiff cannot recover in this action."

The judge granted the requests numbered 2, 3, 6 and 8 in terms. As to the others, he stated: "I think I have covered all the other requests, substantially. If I have failed to do so, counsel will call my attention to it." No reply was made by counsel for either party.

The jury found for the plaintiff in the sum of $2,345; and the defendant alleged exceptions.

The case was submitted on briefs.

*E. S. Underwood*, for the defendant.

*S. Parsons*, for the plaintiff.

PIERCE, J. This is an action in contract to recover of the defendant title insurance company, as indemnitor, the value of the plaintiff's title as mortgagee to certain land on Eastern Avenue, in Lynn.

The essential facts as they appear in the auditor's report and in the testimony of the plaintiff at the trial, in substance are as follows: On March 12, 1897, the plaintiff at the solicitation of one of the subsequent grantors, purchased of the heirs of Bernard A. McCormick the land in question, which he considered to be worth $4,000, for $100. Bernard A. McCormick derived such title as he had under a deed executed in 1881 by one Edward Mahon. Mahon claimed title under a deed of James T. Hurley and Walter E. Blanchard, dated February 28, 1877. This deed contained in the *in testimonium* clause these words: "This deed is given to take the place of a deed given April 23, 1873, and is lost. Said lost deed is of the same tenor as this one." On April 7, 1897, the plaintiff executed and delivered to William A. Scaplen a deed of the

premises described in the deed of the McCormick heirs to him. On the same date and as a part of the same transaction Scaplen executed and delivered to the plaintiff a mortgage of the same premises, which purported to secure the payment of a note of even date for $4,000, payable in one month from date, with interest at six per cent per annum. James T. Hurley and Walter E. Blanchard, by deed dated April 2, 1873, and recorded May 20, 1875, had conveyed a large tract which included that in controversy to Edward Mahon. Edward Mahon, by deed dated April 23, 1873, acknowledged April 24, 1873, and recorded May 31, 1876, had conveyed the premises in controversy to Walter E. Blanchard. In a writ of entry brought by Scaplen against Blanchard in 1901, to try the title, it was determined that the deed of Mahon to McCormick conveyed no title. *Scaplen v. Blanchard,* 187 Mass. 73.

As regards the deed to Scaplen and the re-conveyance in mortgage to the plaintiff, the plaintiff in substance testified that Scaplen was his tenant; that he was financially worthless; that he never expected him to pay the note; and that his reason for conveying the land to Scaplen and taking a mortgage back was because he thought he could sell the mortgage easier than the land.

At the direction of the plaintiff, a deed of a portion of the premises in question was executed and delivered to one Moses H. Lowell, dated April 9, 1897, and recorded April 22, 1897. In consideration therefor Lowell gave a mortgage and mortgage note to one Love K. Morgan to secure the payment of $1,700. The $1,700 in the form of $1,000 in cash and a house went to the plaintiff, who executed a partial release of the Scaplen mortgage and credited $1,500 on the Scaplen note. Another portion of this land was conveyed by Scaplen to an attorney who occupied an office across the hall from the office of the plaintiff. In this transaction also a partial release of the Scaplen mortgage was given by the plaintiff, but no credit was given on the Scaplen note on account of this transaction.

Before the Lowell mortgage to Mrs. Morgan was delivered, the plaintiff applied to the defendant title insurance company to have her interest insured. The defendant company examined the title and issued a policy of insurance, insuring Mrs. Morgan's title as mortgagee. The plaintiff paid the defendant for examining the title preparatory to issuing the Morgan policy. When

the policy was delivered to him he stated to the defendant that he had $2,000 still invested in the mortgage, and asked what it would cost to get his own title insured. He was told $15. He then stated that he desired a policy, and one was given him as of the same date as the Morgan policy, without further examination. The plaintiff testified that he did not disclose to the defendant the price paid the McCormick heirs or the fact that Scaplen gave no consideration for the conveyance except his note and mortgage or that the plaintiff did not expect him to pay either principal or interest. In August, 1908, the plaintiff brought an action against the defendant to recover on his policy of title insurance. A trial without a jury was had in 1910, which trial was a mistrial, as the plaintiff's exceptions taken at the trial were sustained. *Clarke* v. *Massachusetts Title Ins. Co.* 214 Mass. 31.

The policy is made subject to the condition that "2. Any untrue statement or suppression of a material fact affecting the title, or failure to disclose any known liens upon, or adverse claims to the estate, by the Insured or his agent, shall avoid this Policy, excepting as against a mortgagee not privy thereto, holding with assent of this Company."

The defendant made the requests for rulings set out above; those numbered 2, 3, 6 and 8 were given in terms.

No one of the remaining rulings or requests for instructions was given in form. Speaking of those not given in form the judge said: "I think I have covered all the other requests, substantially. If I have failed to do so, counsel will call my attention to it." Neither counsel made any response to the admonition of the judge, by way of directing his attention to any particular insufficiency in the instructions, and other than was implied from the general exceptions taken at the close of the charge no complaint was made that the questions at issue were as contended by the defendant in its brief, "very inadequately dealt with . . . and in a manner bound to confuse the jury." Under such circumstances, that these exceptions may be sustained it is incumbent on the defendant to show that some injustice has been done. *Sawyer* v. *Worcester Consolidated Street Railway*, 231 Mass. 215, 219.

Request numbered seven is founded upon language taken *verbatim et literatim* from the opinion of the court in *Clarke* v. *Massachusetts Title Ins. Co. supra*, at page 32, where the court

was considering facts which a jury could warrantably find to be identical with those shown upon the evidence in the case at bar. Of course the judge was not required to instruct in the form of the request for instructions presented. Therefore we have searched the charge with care to ascertain whether in substance the jury were told that they should find for the defendant if they found the plaintiff made the conveyance to Scaplen and took back the mortgage from Scaplen in bad faith and in fraud of the rights of all persons who thereafter should have occasion to deal with the plaintiff in the capacity of mortgagee of the premises. The examination discloses that the request was not given in form or in substance, and it inferentially makes plain the attitude of the judge, which was that such a defence would not avail the defendant unless a revelation of the history of the title to the mortgage would have aroused such suspicion of the title that it (the defendant) would not have issued the policy. And in this regard he instructed the jury that "There is no evidence on the part of anybody representing the Massachusetts Title Insurance Company that, if such a fact had been revealed, that they would not have issued the policy." The fraud to which the request relates is actual fraud and is put in issue by the answer. In these circumstances we think justice requires the exception should be sustained.

Request numbered four is a request for a ruling of law and not an instruction in substance that a consideration mortgage is invalid in its inception if the mortgage note is not collectible for the reason that the maker is known to the mortgagee to be insolvent when the note is given, or for the reason that the mortgagee has no legal right to claim demand, or enforce the collection of the note as a debt due the mortgagee from the mortgagor. The ruling could not have been made rightly. The rights of creditors not being affected, the conveyance to Scaplen and the reconveyance in mortgage from Scaplen to the plaintiff created a legal fee in Scaplen and a legal mortgage in the plaintiff, the consideration of which is supported by the conveyance of the fee to the mortgagor. *Brooks* v. *Dalrymple*, 12 Allen, 102.

The defendant has no just cause of complaint because requests numbered one and nine were not given in form. In substance the jury were frequently told that it was the duty of the plaintiff to have disclosed all material facts which affected the title, and

that the verdict should be for the defendant if he had not done so. If the defendant thought these instructions were not sufficiently clear and particular as regards the subject matter of these requests, he should have asked for more definite instructions when the court stated: "I think I have covered all the other requests, substantially. If I have failed to do so, counsel will call my attention to it."

It follows that the exception to the refusal to give request numbered seven must be sustained.

*Exceptions sustained.*