JOHN J. MAHONEY, administrator, *vs.* FREDERICK H. GOOCH.

Bristol.   October 23, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Evidence,* Of speed; Opinion: expert. *Practice, Civil,* Conduct of trial:
   redirect examination of witness, requests, rulings and instructions, charge
   to jury; Exceptions. *Witness.*

At the trial of an action for causing personal injuries and death resulting from
   a collision with an automobile of the defendant, where the speed at which
   the automobile was being driven was an issue, and a boy fourteen years
   of age at the time of the accident, who had observed the automobile for
   about one hundred and sixty feet immediately preceding the collision, had
   testified that he had driven automobiles for about five thousand miles, it
   was error to exclude further testimony by him to the effect that the rate of
   speed of the automobile when he saw it was twenty miles an hour, it not
   appearing that the testimony was offered as an expert opinion concerning
   the speed.
A party to an action may not as a matter of right make inquiry of his own wit-
   ness in redirect examination upon a subject, inquiry as to which was excluded
   in direct examination without exception on his part and was not opened by
   the adverse party in cross-examination.
An exception to the exclusion, in redirect examination of a witness for a plain-
   tiff, of a question, " When you said in your statement to [the defendant's
   counsel] that this automobile was going slowly, what did you mean? " must
   be overruled where the record does not show that the witness had made
   such a statement to the defendant's counsel.
A party has a right in redirect examination of a witness to ask an explanation
   of testimony given by him only in cross-examination or to call his attention
   thereto as a basis for further evidence relating to the same subject, and by
   proper inquiry may afford the witness an opportunity to explain, correct
   or modify such previous statements. Per JENNEY, J.
An exception to the exclusion of a hypothetical question asked of an expert
   witness must be overruled where the record does not show that the facts
   assumed as the basis for the question conformed to the evidence already
   introduced.
At the trial of the action above described, the following questions were asked
   of an expert, who was called by the plaintiff on the subject of the speed of
   the automobile and whose qualifications were not disputed: " What,
   if any, effect would a body have on a car, on the speed of a car or progress
   of a car, if it were under the rear wheel and dragged along? " and " What
   effect, if any, would a body under a wheel have as far as braking a car is
   concerned? "  The questions were excluded subject to exceptions by the
   plaintiff. *Held,* that the exceptions must be overruled, since no harmful
   error was shown in the exclusion of the questions.

While the duty of a judge to instruct a jury fairly, clearly, adequately and correctly concerning principles that ought to guide and control their action is not affected by the absence of specific requests by counsel and, where attention' properly is directed at the close of the charge to an omission of such instructions and the omission is not remedied, and an exception then saved may be sustained if necessary to render substantial justice, such an exception will not be sustained where the objection is merely to the absence of comment by the judge on the weight of particular evidence and his failure to single out special facts for emphasis.

Tort for causing personal injuries to and the death of Elizabeth A. Mahoney, the plaintiff's intestate, in a collision on a public highway in Taunton with an automobile owned by the defendant and operated by his employee. Writ dated April 12, 1920.

In the Superior Court, the action was tried before *N. P. Brown*, J.

The two questions, referred to in the opinion, relating to the effect of an obstruction consisting of a human body upon the speed of the plaintiff's automobile, which were asked of the plaintiff's expert and were excluded subject to the plaintiff's exception, were as follows: " What, if any, effect would a body have on a car, on the speed of a car or progress of a car, if it were under the rear wheel and dragged along? " and " What effect, if any, would a body under a wheel have as far as braking a car is concerned? " Other material evidence and exceptions saved by the plaintiff are described in the opinion. The jury found for the defendant. The plaintiff alleged exceptions.

*L. Swig*, for the plaintiff.

*H. F. Hathaway*, (*E. A. Hathaway* with him,) for the defendant.

Jenney, J. In the trial of an action brought by an administrator to enforce liability because of death, exceptions were taken to the exclusion of evidence and to the refusal of an instruction.

Elizabeth Mahoney, deceased, hereinafter referred to as the plaintiff, on December 8, 1919, shortly before 5 P.M. was injured by an automobile owned by the defendant and then operated in his service. The accident happened in Taunton, on Broadway near the corner of Paull Street, and

almost in front of a house designated as the Berthiaume residence. On contradictory evidence, there was an issue of fact whether the plaintiff ran into the side of the automobile in an endeavor to cross the street, or was hit by it. The speed of the automobile was pertinent to the issue of liability and was in controversy. There was evidence that it was " a cold, rainy night, greasy and nasty; that the road was slippery; " and " that there was a kind of fog."

The plaintiff called a witness by the name of Robinson, who was fourteen years old when the accident happened, and who testified that he was then on Paull Street near its intersection with Broadway, that his attention was called to the defendant's automobile by seeing its lights when it was about one hundred and sixty feet from the point of collision, and that he had it in view until he saw the plaintiff and the car come in contact. He further testified that he had driven automobiles for about five thousand miles. From other parts of the record, it could have been found that he referred to his personal experience in driving, although his age forbade the holding of an operator's license. St. 1909, c. 534, § 8. In direct examination he was asked to state the speed of the automobile while he saw it. The question was excluded subject to exception. Thereafter an offer of proof was made in effect that the witness would testify that the rate of speed when he saw the automobile was twenty miles per hour. After this he testified that he observed its speed; he was then asked " What speed was it [the defendant's automobile] going? " This question was excluded subject to the plaintiff's exception. The record cannot be fairly construed as limiting the proffered testimony to the expression by this youth of an expert opinion concerning speed. Actual experience may well add weight to such testimony, but it does not warrant its rejection, at least where the evidence is not offered as that of an expert. There was error in the exclusion of the evidence offered. *Johnston* v. *Bay State Street Railway*, 222 Mass. 583. *Creedon* v. *Galvin*, 226 Mass. 140.

The exclusion of the testimony of Mrs. Thigpen about the rate of speed was within the discretion of the judge. On the

record she could not as a matter of right be interrogated on this subject during her redirect examination. No exception was taken to the exclusion on direct examination of her observation relating thereto, and it does not appear that the defendant had inquired of this witness concerning it. *Dutton* v. *Woodman,* 9 Cush. 255. *Kendall* v. *Weaver,* 1 Allen, 277.

In redirect examination this witness was asked: " When you said in your statement to Mr. Hathaway [the defendant's counsel] that this automobile was going slowly, what did you mean? " The exception to the exclusion of this question may be disposed of on the ground that the record does not show that the witness made such a statement. Clearly a party has a right in redirect examination of a witness to ask an explanation of testimony given by him only in cross-examination or call his attention thereto as a basis for further evidence relating to the same subject, and may by proper inquiry afford an opportunity to explain, correct, or modify such previous statements. *Brown* v. *Brown,* 208 Mass. 290. *Bay State Paper Co.* v. *Duggan,* 214 Mass. 166.

A witness called by the plaintiff as an expert, whose qualifications were not disputed, was asked for his opinion of the speed of the vehicle, assuming the collision happened in the circumstances stated in a hypothetical question. The record is meagre and it cannot be held that the facts assumed as a basis for the question conformed to the evidence before the jury. Much must be left to the discretion of the trial judge; error must clearly appear in order to overturn its exercise. *Oliver* v. *North End Street Railway,* 170 Mass. 222. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 533. Harmful error is not shown in the exclusion of questions to the same witness concerning what the effect, if any, would be on the speed of operation of the use of the brakes or of an obstruction consisting of a human body. *Posell* v. *Herscovitz,* 237 Mass. 513.

Other exceptions to the refusal to admit evidence are not argued and need not be considered.

At the conclusion of the charge, the plaintiff requested the judge " to charge the jury further on the extent of the injuries but . . . [he] declined so to do . . . [and] allowed

the plaintiff an exception to his refusal to comment more particularly upon the injuries and their extent and to say to the jury that they may be considered upon the element of speed at which the automobile may have been operated which ultimately came in contact with her. " No prior requests for instructions upon this subject had been made. See Rule 45 of the Superior Court (1915). A judge should instruct the jury fairly, clearly, adequately, and correctly concerning principles that ought to guide and control their action. This duty is not affected by the absence of specific requests by counsel, and, where attention is properly directed to the omission and it is not remedied, an exception may be sustained if necessary to render substantial justice. *Williams* v. *Winthrop*, 213 Mass. 581. *Rocci* v. *Massachusetts Accident Co.* 226 Mass. 545. *Sawyer* v. *Worcester Consolidated Street Railway*, 231 Mass. 215. *Clarke* v. *Massachusetts Title Ins. Co.* 237 Mass. 155. But ordinarily something more is necessary than the absence of comment on the weight of particular evidence. A judge is not required to single out special facts for emphasis, particularly at the close of his charge. See *Jones* v. *Boston & Northern Street Railway*, 211 Mass. 552; *Altavilla* v. *Old Colony Street Railway*, 222 Mass. 322, 325; *Neafsey* v. *Szemeta*, 235 Mass. 160; *Goldsmith* v. *Gryzmish*, 238 Mass. 341, 344. As there must be a new trial, this exception need not be further considered. It is sufficient to say that in many cases the nature and extent of an injury may aid in determining how it happened.

*Exceptions sustained.*