EDMUND ANZONI *vs.* AUGUSTINE GOSSE.

LOUIS RUSSO *vs.* SAME.

MARION WALSH *vs.* SAME.

NICHOLAS ANZUONNI *vs.* SAME.

Suffolk.   December 9, 1930, February 5, 1931. — February 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way. *Law of the Road. Practice, Civil,* Charge to jury, Exceptions.

G. L. c. 89, § 2, is not to be so construed as to prevent in all circumstances one vehicle passing another from remaining on the right side of the road: what is reasonably safe and prudent to be done in all the circumstances is to be taken into account.   Per CARROLL, J.

At the trial of an action of tort for personal injuries sustained in a collision between an automobile operated by the plaintiff and a motor cycle operated in the opposite direction by the defendant, there was evidence that the defendant attempted to pass another automobile proceeding in the same direction ahead of him as it was passing the plaintiff's automobile; and that the motor cycle was on the "wrong side of the road." The judge instructed the jury that it was "impossible to observe the law of the road by going between two cars that are passing each other . . . because as to the one you are passing . . . you have got to keep to the left of the middle of the road, and if there is another coming in the opposite direction that is passing the first car, you have got to keep to the right of the middle of the road, and you can't do both and observe the law"; that if the collision occurred on the defendant's right side of the road, "you might say while . . . [the defendant] should have passed to the left of the middle of the road in passing . . . [the second automobile], and was therefore violating the law, he was in a far safer position as to . . . [the plaintiff] than if he had been observing it, and been on . . . [the plaintiff's] side"; and that "the question resolves itself down into a matter merely of evidence and the proper inference to be drawn from the facts, to decide whether the person was acting reasonably under the circumstances at the time." The defendant did not ask for specific rulings. After a verdict for the plaintiff, he alleged an exception to the first portion of the charge, conceding that there was evidence of his negligence and evidence that the plaintiff was not guilty of contributory negligence. *Held,* that

(1) Even if it were assumed that G. L. c. 89, § 2, was enacted for the benefit of the operator of the second automobile, the defendant was not harmed by the first instruction given: on the whole charge the jury

must have understood that the defendant was not liable unless he was careless in acting in an unreasonable manner, and that this depended on all the facts;

(2) The defendant having made no requests for specific rulings, the exception was not to be sustained in the absence of substantive error or injustice to the defendant;

(3) The exception was overruled.

FOUR ACTIONS OF TORT. Writs in the first three actions dated September 26, 1927, and in the fourth action dated October 1, 1927.

Material evidence at the trial of the actions together in the Superior Court before *Brown,* J., is stated in the opinion. There were verdicts for the plaintiffs respectively, in the sums of $2,300, $1,750, $3,000 and $3,500. The defendant alleged an exception to the judge's charge.

*R. B. Coulter,* for the defendant, submitted a brief.

*H. Silverman,* for the plaintiffs.

CARROLL, J. These four actions of tort arose out of a collision between a motor cycle operated by the defendant and a motor vehicle in which the four plaintiffs were riding. The motor vehicle was driven by Anzuonni.

There was evidence that the motor vehicle was moving in a northerly direction, on the North Shore Drive in Revere, at the rate of fifteen or twenty miles an hour on the right hand side of the highway; that there was no traffic in front moving north; that traffic was coming from the opposite direction; that the defendant's motor cycle was first seen by one of the plaintiffs about two hundred feet distant from the plaintiffs' automobile; that the defendant "was passing another motor vehicle proceeding southerly and cutting in and out"; that "Suddenly the motor cycle appeared from behind a motor vehicle going southerly, and just in front" of the plaintiffs' automobile "came across the road and suddenly turned in a diagonal position and struck the left front wheel of the" plaintiffs' motor vehicle; that the "automobile went through the fence on the right hand side into the marsh"; that when the collision occurred the "motor cycle was eight feet on [the] wrong side of the road." A southbound automobile

operated by one Rounds was in front of the defendant's
motor cycle. It could have been found that the defendant
was about to pass this automobile when the collision took
place. There was evidence that the highway was twenty-
five or thirty feet wide with twelve or fifteen feet on each
·side of the center of the street.

There was a verdict for each of the plaintiffs. The de-
fendant concedes there was evidence of his negligence and
of the plaintiffs' care. His exception is to a portion of the
charge. The judge in the course of his charge directed
the attention of the jury to the law of the road, G. L.
c. 89, and referred to § 2 which reads: " The driver of a
vehicle passing another vehicle traveling in the same di-
rection shall drive to the left of the middle of the traveled
part of a way; and, if it is of sufficient width for the
two vehicles to pass, the driver of the leading one shall
not wilfully obstruct the other," and said, in effect, " Where
did this collision take place with reference to the Rounds
car? . . . You see it is impossible to observe the law of
the road by going between two cars that are passing each
other . . . because as to the one you are passing . . . you
have got to keep to the left of the middle of the road, and
if there is another coming in the opposite direction that.
is passing the first car, you have got to keep to the right
of the middle of the road, and you can't do both and ob-
serve the law. So that . . . if . . . Rounds's car and . . .
[the plaintiffs'] car were in the act of passing each other,
Mr. Gosse could not pass between them and observe the
law of the road, because as to one or the other he would
be violating it. ˙ Is that what happened? If that is what
happened, did any violation of his contribute to the in-
jury? " The judge then went on to say that the question
whether any violation of the law of the road contributed
to the plaintiffs' injury must be considered; that if the·
collision occurred on Gosse's right hand side of the road
while passing Rounds " you might say while Mr. Gosse
should have passed to the left of the middle of the road·
in passing Rounds, and was therefore violating the law,
he was in a far safer position as to Anzuonni than if he

had been observing it, and been on Anzuonni's side." The judge then fully and accurately instructed the jury concerning the rights of the parties if the collision happened as contended by the plaintiffs, that is, on their right hand side of the road.

While it was not contended by the plaintiffs that the defendant was on his right hand side of the road, if the jury found it to be a fact that the defendant was in this situation, then if his violation of the law of the road contributed to the plaintiffs' injury it could be considered by the jury. The law of the road as to vehicles passing each other while moving in the same direction is not to be so construed as to prevent in all circumstances one vehicle passing another from remaining on the right side. What is reasonably safe and prudent to be done is to be taken into account, including the width of the road and the amount of traffic and other circumstances, and the question of what is reasonably safe under the circumstances is a question of fact. *Smith* v. *Conway*, 121 Mass. 216. And if any failure of the defendant to observe the law of the road contributed to the plaintiffs' injury, the jury could consider this failure in deciding the question of the defendant's contributing negligence.

. Even if it be assumed that G. L. c. 89, § 2, was enacted for the benefit of the driver of a vehicle overtaken by a vehicle coming from the rear, the defendant was not harmed by the instruction given. The judge pointed out that the jury must consider whether the violation of the statute contributed to the injury, and after instructing them that if the defendant was on his right side of the way he was in a far safer position so far as the plaintiffs were concerned than if he was on their right side of the road, he said to the jury: " So the question resolves itself down into a matter merely of evidence and the proper inference to be drawn from the facts, to decide whether the person was acting reasonably under the circumstances at the time." The jury we think must have understood that the defendant was not liable unless he was careless in acting in an unreasonable manner, and that this depended.

on all the facts. The defendant did not ask for any specific rulings; his exception to the charge therefore will not be sustained unless substantive error or injustice plainly appears. *Hamilton* v. *Boston Elevated Railway*, 213 Mass. 420, 423. There was no harmful error in the charge, the jury were not misled and no injustice was done the defendant.

*Exceptions overruled.*