CARVER-BEAVER YARN CO., INC. *vs.* LEWIS W. WOLFSON.

Suffolk. March 4, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* New trial, Verdict. *Sale. Contract,* Construction, Performance and breach.

A judge, who presided at a second trial of an action after the allowance of a motion for a new trial following a verdict for the defendant at the first trial, cannot report for determination by this court the ruling by the judge who presided at the first trial allowing the motion for the new trial.

No appeal from the granting of a motion for a new trial can come before this court until final judgment.

Where, at the trial of an action for breach by the defendant of an alleged agreement to accept and pay for yarn to be sold to him by the plaintiff, it appears that the contract of sale was made in the State of New York and the laws of that State are not in evidence, the construction of the contract is governed by the common law as determined in this Commonwealth.

At the trial of an action of contract for breach by the defendant of an agreement to receive and pay for yarn to be shipped by the plaintiff, it appeared that the plaintiff on an October 15 had accepted an order from the defendant for " 1000 lbs. Khaki yarn, style 1584," and " 200 lbs. Gray, style 1585," to be shipped " At once "; that the plaintiff insisted upon its immediate need of the yarn, and asked for a shipment of one hundred pounds by express; that the shipment of the one hundred pounds by express was received and paid for, and that the defendant immediately informed the plaintiff that such shipment was not in accordance with the sample shown, but stated that he would " keep this 100 lbs., but will ask you to kindly cancel the balance of the order"; that there were some further negotiations between the parties and on November 15 a shipment of seventy-five pounds of gray yarn was made, which the defendant refused to accept on the ground that the order had been cancelled; that the plaintiff then stored the eleven hundred pounds of yarn in its warehouse, and subsequently sold a substantial part of it, retaining the proceeds, which it offered to credit to the defendant. *Held,* that

(1) The provisions of the contract required that delivery was to be made of the entire lot and not by instalments;

(2) The defendant was not bound to accept a smaller lot than the amount stipulated, and the plaintiff by a failure to deliver as required by the contract was in default;

(3) There was no acceptance by the defendant with the knowledge that the plaintiff could not perform the contract in full, and the sale was incomplete;

(4) Even if it were assumed in the plaintiff's favor that title to the goods had passed to the defendant and that the defendant had refused to take the yarn and pay for it, nevertheless the plaintiff could not recover, having failed to keep the property in readiness for delivery;

(5) A verdict for the defendant properly was ordered.

CONTRACT for $2,860 and interest, the agreed purchase price of yarn, with a declaration in two counts, described in the opinion. Writ dated May 18, 1920.

The action was tried a second time in the Superior Court before *J. F. Brown*, J. Material evidence is described in the opinion. After a verdict for the defendant entered by order of the trial judge, the judge reported the action to this court under the stipulation that, if his ruling was wrong and, on the declaration or any amended declaration, any damages should be awarded other than nominal, the action was to be remanded to the Superior Court for the assessment of damages only.

In the report, the judge also stated that the action previously had been tried before *Quinn*, J., on which occasion the plaintiff had waived the first count of his declaration and at the close of all the evidence the jury had found for the defendant on the second count, and that a motion by the plaintiff for a new trial, which is described in the opinion, had been allowed by the judge presiding at that trial, as described in the opinion. The report continued, " On June 5, 1922, the defendant formally entered his appeal from the order of the court to the Supreme Judicial Court. The defendant reserved all of his rights in his appeal and did not waive them, and collateral with this report prosecutes his appeal." No such appeal appeared in the record.

*P. J. Sondheim*, for the defendant.

*T. H. Greene*, (*H. Loewenberg* with him,) for the plaintiff.

BRALEY, J. The question of the propriety of the allowance of the motion for a new trial following the first trial is not before us. *United Drug Co.* v. *Cordley & Hayes*, 239 Mass. 334, 336. If it were, there can be no doubt of the propriety of that ruling. The reasons stated in the motion were, that the verdict was against the evidence, the law, and the weight of the evidence. The judge before whom the case

was tried made the following indorsement thereon, " Motion allowed and verdict set aside and new trial ordered for the reasons herein set forth." The defendant contends that the form of the order was erroneous because not in conformity with G. L. c. 231, § 128, which in substance provides, that the judge granting a motion for a new trial shall " file a statement setting forth fully the grounds upon which the motion is granted, which statement shall be a part of the record of the case." The sufficiency of the grounds of the order in question is fully discussed in *Anti* v. *Boston Elevated Railway*, 247 Mass. 1, and in accordance with that decision the indorsement fully satisfied the statute. The motion was not grounded on alleged misconduct of a juryman as in *Borley* v. *Allison*, 181 Mass. 246, or on newly discovered evidence as in *Sherman* v. *Collingwood*, 221 Mass. 8, 13, relied on by the defendant, and no affidavits were necessary.

Both counts of the declaration are alleged to be for the same cause of action, and the remaining questions relate to alleged errors at the second trial. The plaintiff contended, that it was entitled to recover under the first count on an account annexed for one thousand one hundred pounds of yarn sold and delivered to the defendant, amounting to $2,860, while the second count, also for yarn sold, contains the further allegation, " that the plaintiff made every effort and attempt to deliver to the defendant the balance of . . . eleven hundred . . . pounds of said yarn, but the defendant refused to accept the same, and therefore owes the plaintiff the sum of . . . $2,860 with interest." The plaintiff's agent on October 15, 1918, solicited and obtained from the defendant an order for " 1000 lbs. Khaki yarn, style #1584," and " 200 lbs. Gray, style #1585," to be shipped " At once; " the price to be paid for each pound and style of yarn appears in the plaintiff's letter of acceptance October 17, 1918. The defendant on October 19, 1918, wrote the plaintiff, " Will you kindly advise us when you are going to ship same, also where the goods are to be shipped from as when we placed this order with your salesman he could not give us the information as to the shipping point. Will you kindly furnish us the above so that we may give you shipping

directions." The plaintiff October 21, 1918, replied that, " your yarns will be shipped from Philadelphia. These yarns are now on hand in our winding department and we intend to get them rewound into uniform weight skeins and packed in 5-lb. bundles, but on account of Influenza . . . prevalent in Philadelphia, we cannot say just when these yarns will be ready for shipment. If you could take them as they are, with skeins not uniform weight, and not packed in 5-lb. bundles, we could doubtless make shipments very promptly." The defendant answered, that he was urgently in need of the goods, " we cannot accept them unless they are packed in ¼ lb. hanks, and 5-lb. bundles, as that is the only way that we can sell them. We desire to have you ship 100 lbs. Khaki, by Express. The Balance 1100 Lbs. send via Boston Boat. We trust that you will endeavor to make shipment at once of the entire order." On November 6, 1918, the plaintiff shipped direct to the defendant from the mill one hundred pounds net weight khaki wool yarn, which the defendant accepted, paying the amount charged by check dated November 20, 1918. The defendant's letter of November 7, 1918, stated, that although the yarn had been received, it did " not appear as good as the sample shown us. We will keep this 100 lbs., but will ask you to kindly cancel the balance of the order." The next day the plaintiff in substance wrote, that the sample was taken from one of the bales of " this yarn," and that the yarn shipped was exactly the same. It had " been simply rewound into 4-oz. skeins and packed in 5-lb. bundles. It may be that sample shown you was too small for you to judge by and that the yarn in quantities looks different; but we can assure you that you have received exactly what you bought. How- ever if you can use the balance of your order for this Khaki yarn with 5c. per lb. allowance, kindly advise." The defend- ant November 14, 1918, declined to accept the modification, " and will abide by our decision and consider the balance cancelled as the goods are unsatisfactory to us." The follow- ing day the plaintiff shipped direct from the mill seventy- five pounds of the gray yarn, which the defendant declined to receive, because the order for these goods had been can-

celled, and we " will not accept same." No further shipments were made, and at the close of the evidence the plaintiff had shown a shipment and acceptance of only one hundred pounds of khaki yarn for which it had been paid, and a shipment of seventy-five pounds of gray yarn which the defendant declined to receive, for reasons to which reference has been sufficiently made.

The original order and acceptance which constituted the contract described two kinds of yarn, and different quantities of each kind. It called for an entire shipment of one thousand pounds of khaki yarn, and two hundred pounds of gray yarn. See *Shohfi* v. *Rice*, 241 Mass. 211. The orders were single, and each for a stipulated price, the yarn to be delivered at once. *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158, 160. Delivery was not to be made by instalments, but of the entire lot in each instance. The defendant was not bound to accept a smaller lot than the amount bargained for, and the plaintiff by its failure to deliver as required by the contract was in default, and could recover only for yarn shipped, and accepted, which was identical in description and quality with the yarn sold. *Learned* v. *Hamburger*, 245 Mass. 461, 472, and cases cited.

The judge states in his report that at the trial " the plaintiff did not introduce any sample of the bulk of the eleven hundred pounds, nor was any of the eleven hundred pounds delivered to the defendant, nor was any evidence offered by the plaintiff of any delivery from the plaintiff's place of business to defendant." The contract was made in the State of New York, the laws of which relating to sales of goods not having been put in evidence, the case at bar is governed by the common law of this Commonwealth. *Callender, McAuslan & Troup Co.* v. *Flint*, 187 Mass. 104. It is plain there was no acceptance with knowledge by the defendant that the plaintiff would not perform its contract in full, and the sale was incomplete until delivery and acceptance of all the yarn. *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad*, 210 Mass. 275. *Learned* v. *Hamburger, supra. West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320, 326.

The report also states, that, the defendant having refused

to accept further shipments because the shipment received was not in accordance with the sample shown by the plaintiff's salesman, the plaintiff, as the jury could find, stored the " eleven hundred pounds of yarn in a special alcove in the New York warehouse of the plaintiff, and it was held in New York in its exclusive control. That while the yarn was so stored, some of it was stolen, and some of the stolen yarn was afterwards recovered. The plaintiff sold a substantial part of this yarn and retained the proceeds, which proceeds it now offers to credit to defendant." If it were assumed in the plaintiff's favor that title has passed, and the defendant thereafter had refused to take the yarns and pay for them, yet the plaintiff cannot recover because it had not kept them in readiness for delivery. *Mitchell* v. *LeClair*, 165 Mass. 308, 310.·

We are of opinion for the reasons stated that the plaintiff under the present, or any amended declaration, cannot recover the purchase price, or the purchase price less such sums as were obtained by the resale. The plaintiff does not contend that it is entitled to damages on the ground that there has been a breach of the contract by the defendant, and under the terms of the report the entry must be,

*Judgment for the defendant on the verdict.*