JOHN J. LEARY *vs.* JAMES C. KEITH.

Suffolk. March 3, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Animal. Evidence,* Admissions, Presumptions and burden of proof.

At the trial of an action of tort for personal injuries resulting from the kick of a horse, testimony by the plaintiff and by his employer that after the accident the defendant said to them, "I am sorry, boy. I told them to put that horse downstairs before. You are the second man he kicked this morning," and "I told that fellow to put that horse downstairs, he was a kicking horse," was evidence of admissions by the defendant warranting findings by the jury of knowledge on the part of the defendant of a propensity of the horse to kick and of the existence of that habit in the horse.

TORT for personal injuries resulting from a kick of a horse of the defendant. Writ dated May 25, 1923.

In the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $1,950. The defendant alleged exceptions.

*H. S. Avery,* for the defendant.

*H. R. Donaghue,* for the plaintiff.

WAIT, J. The plaintiff sued for damages resulting from the kick of a horse alleged to have been kept by the defendant with knowledge of his vicious habit of kicking.

The law is well settled, as stated by Knowlton, C.J., citing *Popplewell* v. *Pierce*, 10 Cush. 509, in *Cooper* v. *Cashman*, 190 Mass. 75: "If one knowingly keeps a vicious or dangerous animal which is accustomed to attack and injure mankind, he is *prima facie* liable for injuries done by it, without proof of negligence as to the manner of keeping it. The negligence on which the liability is founded is keeping such an animal with knowledge of its propensities." The defendant does not contest this; but he insists that where, as at the trial, the only evidence of vicious propensities in a horse and of knowledge of such vice is furnished by alleged admissions of the defendant, which he denies that he ever made, there is not sufficient evidence of liability to justify the submission of the case to a jury. The contention is not well founded.

The plaintiff and his employer testified that the defendant said to them, "I am sorry, boy. I told them to put that horse downstairs before. You are the second man he kicked this morning," and "I told that fellow to put that horse downstairs, he was a kicking horse." Such an admission is evidence of knowledge of a propensity to kick, and, though less convincingly, of the existence of the habit in the horse. Its probative value is for the jury to determine. *Linnehan* v. *Sampson*, 126 Mass. 506.

None of the cases cited by the defendant sustains his proposition that, where such an admission is uncorroborated by other evidence and is denied by the witnesses of the party charged with the admission, there is nothing on which a jury can base a finding against such party. *Linnehan* v. *Sampson, supra.* *Bowditch Mutual Fire Ins. Co.* v. *Buffum*, 2 Gray, 550. *Conant* v. *Evans*, 202 Mass. 34. It well may be that an admission standing alone does not contain enough to sustain a verdict; but that is because the facts stated in the admission, or justly to be inferred from it, are not sufficient to make out a case; and not because they are put before the jury in the form of an admission. *Webber* v. *McDonnell*, 254 Mass. 387, illustrates such a case. *Zandan* v. *Radner*, 242 Mass. 503. *Barnett* v. *Roberts*, 243 Mass. 233.

The admission is to be weighed with other evidence. The party is not bound by it, especially if there is other evidence

which controls or discredits it.   *Bowditch Mutual Fire Ins. Co.* v. *Buffum, supra.*

In this case it was for the jury by its verdict, and not for the judge in his ruling on the motion for a directed verdict, to determine whether the defendant spoke the words attributed to him, and, if he did, whether they proved that he knew the horse was vicious and so was liable.   *Maggi* v. *Cutts,* 123 Mass. 535, 539, 540.   No other point was argued.

*Exceptions overruled.*