### GRACE TULLY *vs.* ISRAEL MANDELL.

Suffolk. October 10, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Evidence*, Admissions, Presumptions and burden of proof. *Practice, Civil*, Exceptions.

Belief by the jury, at the trial of an action of tort for personal injuries alleged to have resulted from the defendant's negligence, of testimony by the plaintiff that the defendant said that the occurrence of an accident causing such injuries was all his fault, does not as a matter of law require them to find that the defendant was negligent: the issue of his negligence still is to be determined by them on all the evidence, including that testimony.

After the introduction of evidence of the character above described at the trial of such an action, the defendant requested the trial judge to rule that, if the jury found that such a statement had been made by the defendant, it was not conclusive against the defendant; that the burden was on the plaintiff to prove the defendant negligent; and that the statement should be considered by them only as bearing on the issue of his negligence. The judge refused so to rule; and charged the jury that, if they found that the defendant had made the statement, he thereby admitted his negligence and was liable. The jury

found for the plaintiff. The defendant alleged exceptions. *Held*, that the refusal of the defendant's request and the charge to the jury constituted error prejudicial to the defendant; and his exception must be sustained.

TORT. Writ dated February 16, 1927.

Material evidence and portions of the charge to the jury at a trial in the Superior Court before *D. T. O'Connell*, J., are stated in the opinion. The jury found for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*F. Adams*, for the defendant.

*H. F. Wood & C. T. Sexton*, for the plaintiff.

SANDERSON, J. This is an action of tort to recover damages from a dentist for personal injuries, alleged to have been suffered by the plaintiff because of the breaking of a hypodermic needle used for the purpose of anesthesia preparatory to the extraction of a tooth. It was admitted that the needle broke when inserted in the plaintiff's jaw by the defendant.

The plaintiff introduced testimony tending to prove that the defendant said immediately after the occurrence that he did not know how it could have happened, that it was all his fault and not to worry about it, that he would take care of everything. The defendant denied that he made the statement and testified that the cause of the breaking of the needle was the sudden turning by the plaintiff of her head after he had warned her not to move. He also described the sterilization of the instrument, the exact manner in which he made the injection, and testified that he used a new needle purchased from a regular dealer in dental supplies and made by a well known manufacturer, and that he adopted in making the injection the technique he had always used.

The judge charged the jury that if the defendant warned the plaintiff not to move her head when the injection was made, but she did move and the movement caused the needle to break, she could not recover. He refused to give the defendant's requests for rulings to the effect that if the jury found that the defendant told the plaintiff that it was his fault the needle broke, that statement was not conclusive

against the defendant, that the burden was on the plaintiff to show that the defendant was negligent, and that such a statement was to be considered by them only as bearing on the question whether the defendant was in fact negligent. He charged the jury, in substance, that, if they should find that the defendant stated it was his fault that the needle broke, the defendant thereby admitted his negligence and was liable to the plaintiff for such damages as the plaintiff established to the satisfaction of the jury. At another place in his charge he instructed them that the plaintiff met the requirements of law as to the burden of proving negligence. if she satisfied the jury that the defendant admitted the needle was broken by his fault; that if the defendant made that statement the jury would next take up the question of damages to be awarded. The exceptions of the defendant to the refusal of the court to give the ruling requested as to the effect of the admission, and to the rulings given on that subject, are the only questions of law argued by the defendant.

The admission of the defendant was evidence of negligence which required the submission of the case to the jury. *Zandan* v. *Radner,* 242 Mass. 503, 505. *Barnett* v. *Roberts,* 243 Mass. 233, 236. But the judge erred in ruling, in effect, that the jury would be bound to find the defendant negligent if he made the statement that the accident was attributable to his fault. *Bowditch Mutual Fire Ins. Co.* v. *Buffum,* 2 Gray, 550, 552. *Conant* v. *Evans,* 202 Mass. 34. *Hawkes* v. *Lackey,* 207 Mass. 424, 433. *Leary* v. *Keith,* 256 Mass. 157, 158. The verdict in favor of the plaintiff demonstrates that the jury did not find the plaintiff was guilty of contributory negligence, but they should have been permitted to consider all of the testimony in passing upon the question of the defendant's negligence. His admission was but a part of that evidence to be weighed with the rest, and he was not concluded by it. The jury might have found if they had considered all the evidence on that issue that the plaintiff had not maintained the burden of proving the defendant negligent even though he made the admission attributed to him.

*Exceptions sustained.*