WALTER A. WRIGHT, executor, *vs.* SAMUEL A. CLEMENT.

Middlesex.     May 16, 1934. — June 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of physician, Proximate cause.

A verdict for the defendant properly was ordered at the trial of an action by an executor against a physician for conscious suffering and the death of the plaintiff's testate where, even if the evidence warranted a finding that the defendant was negligent in failing to discover seasonably that the testate was suffering from a disease of which he died and in his care of the testate after discovering the existence of the disease, there was no evidence to show any probability that the testate would have recovered or would have lived longer or would have suffered less if due care had been used by the defendant.

TORT. Writ dated November 15, 1929.

The action was tried in the Superior Court before *Gibbs*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant upon each count of the declaration and reported the action for determination by this court.

*J. T. Pugh*, (*T. F. Collins* with him,) for the plaintiff.

*J. N. Clark*, for the defendant.

LUMMUS, J. This is an action of tort against a physician. The first count alleges that in treating the plaintiff's testatrix before, during and after childbirth he was guilty of "wanton and reckless acts" as well as "negligence," which caused her death. The second count is for conscious suffering from the same wrong. No question of pleading is raised. There was not the slightest evidence of any "wanton and reckless acts," and the only question argued relates to the negligence alleged.

There was evidence tending to show negligence in failing to discover that the plaintiff's testatrix had scarlet fever until the disease was advanced beyond the point at which antitoxin might have been of service. There was evidence tending to show negligence in removing her from the maternity ward of a hospital to her mother's tenement, where facilities for treatment and care were limited, rather than to a hospital for contagious diseases. She died from septicemia, the result of scarlet fever. The difficulty with the plaintiff's case is that there is nothing to show any probability that she would have recovered or lived longer or suffered less, if due care had been used. *Semerjian* v. *Stetson*, 284 Mass. 510. *De Filippo's Case*, 284 Mass. 531. Compare *Bennett* v. *Fitzgerald*, 284 Mass. 535, and *Marangian* v. *Apelian*, 286 Mass. 429. The direction of a verdict in favor of the defendant was right.

*Judgment for the defendant.*