*Municipal Court of the City of Boston*

No. 20284

**JOHN SALVUCCI**

v.

**GOLD SEAL RUBBER COMPANY, ET AL**

(December 9, 1960 — February 6, 1961)

*Present: Riley, J.* (Presiding), Shamon and Glynn, JJ.

First trial before *Adlow, C.J.* Second trial before *Gillen, J.*

*Riley, J.* This is an action of tort in which the plaintiff seeks to recover for personal injuries as the result of being struck by an automobile. The declaration consists of two counts: one against the owner of the automobile and the other against the person who was operating the same at the time of the accident.

The defendant filed an answer averring a general denial, contributory negligence and a denial of responsibilty for the acts of the person who was operating the automobile, and a plea of the statute of limitations.

The trial judge made a general finding for the plaintiff in the sum of $200.00. Thereafter, and within the proper time the plaintiff

filed a motion for a new trial reading as follows:

"The plaintiff moves that a new trial may be granted for the following reasons:

1. The finding for the plaintiff in the sum of $200.00 damages is totally inadequate.

2. There would be a miscarriage of justice if a new trial were not granted to the plaintiff on the question of inadequacy of damages."

The motion was set for hearing by the trial judge and duly acted upon by the endorsement thereon, "Granted" (*Adlow, C.J.*), all properly within the rules. Thereafter, the case appeared in due time upon the trial list for its second trial before *Gillen, J.,* then presiding. When reached and called and answered by counsel, the trial judge ordered the case to proceed, indicating to the plaintiff that he proceed with the proof of his case.

At this time the plaintiff's counsel declared that he would offer proof of damages only, claiming or asserting that the motion for a new trial which he had filed and which the first trial judge (*Adlow, C. J.*) had "granted" was limited to the question of damages only. The trial judge, (*Gillen, J.*) again directed him to proceed to prove his case (inferentially at least as the "granting" of the motion contained no words of limitation or restriction).

The plaintiff's counsel still refusing to proceed with the proof of his case as directed, was then ordered non-suited by Judge Gillen, who thereafter at the plaintiff's request reported the case to this Division.

Thus, the only question of law presented by this report, is whether Justice Gillen erred in ordering the plaintiff to proceed, and upon his refusal so to do, ordering the plaintiff non-suited.

Under our system of jurisprudence the judge who properly functions is the directing and controlling mind at the trial.

There can be no doubt as to the power of the court at common law to set aside a finding either because of inadequate damages or because of excessive damages. *Sampson v. Smith,* 15 Mass. 365.

It is an inherent part of a judicial trial and not dependent on statute. *C. v. Anthes,* 5 Gray 185; *Opinion of the Justices,* 207 Mass. 606.

It all revolves around the interpretation of the action taken by *Adlow, C. J.* in the use of the word "Granted".

By the endorsement "Granted", it would appear that the judge (*Adlow, C. J.*) had allowed a new trial, but did not indicate the exercise on his part of any discretion restricting or limiting the new trial in any way.

The plaintiff now argues through counsel and contends that what he really wanted was not a new trial but only that one feature of the finding be disregarded and that another judge rehandle that feature, namely, computing damages without any knowledge of the facts of liability.

He states that he drafted the motion and that it was intended to proscribe the trial

judge's action (*Adlow, C. J.*) to a new trial limited to damages and nothing else.

A finding made after a proper trial, must stand or be set aside. Like a verdict, it cannot be divided by a judge. If, however, a finding be set aside the new trial may be restricted or limited by appropriate words.

An examination of the motion for new trial bears out the plaintiff's contention that it was drafted purposely to give the trial judge (*Adlow, C. J.*) no opportunity to set aside the finding as a whole, but rather to require the judge to adopt the phraseology of the motion. The plaintiff's counsel states flatly that it was his intention to so do, and contends that the trial judge (*Adlow, C. J.*) must follow the wording of his motion.

In this endeavor the plaintiff has failed.

We believe he is mistaken.

He was granted a new trial without restriction or qualification and upon refusing to proceed when ordered by *Gillen, J.,* was properly non-suited. *Simmons v. Fish,* 210 Mass. 563 and cases collected and cited there.

*We find no error.*

Frank E. Berman of Boston, for the Plaintiff cited: G. L. c. 231, §§127, 128, 129; *Carver-Beaver Yarn Co. v. Wilson,* 249 Mass. 257; Rule 29 of Municipal Court of City of Boston (1952).

Thomas F. Daley, Jr. of Boston, for the Defendant cited: *Coughlin v. McGarvey,* 267 Mass. 48, 51; *Tildsley v. Boston El. Ry.,* 224 Mass. 117, 119.