Roy O. Webster *vs.* Dante Bracci & another. October 29, 1964. Exceptions overruled. In an action of tort for negligence arising from a head-on collision of the plaintiff's and the corporate defendant's motor vehicles during a heavy, whirling snowstorm when only twelve feet of the roadway was available for travel and visibility was extremely poor, the judge allowed, subject to the plaintiff's exception, the defendants' motion for a new trial which recited that the verdicts for the plaintiff were against the evidence, the weight of the evidence, and the law. The judge's indorsement granting the motion "[f]or the reasons set forth in the defendants' motion" complied with the requirements of G. L. c. 231, § 128. *Anti* v. *Boston Elev. Ry.* 247 Mass. 1, 4–6. *Carver-Beaver Yarn Co. Inc.* v. *Wolfson,* 249 Mass. 257, 258–259. The considerations which should guide a judge in the disposition of a motion for a new trial and which govern our review of his action are fully set out by Qua, C. J., in *Hartman* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59–61, and are applicable here. No basis for reversal appears.

*Charles E. Cunningham* for the plaintiff.
*John J. C. Herlihy (Neil L. Lynch* with him) for the defendants.

Elinore Manzoni & another *vs.* Edward Hamlin, Jr. October 29, 1964. Exceptions overruled. In this action of tort against a surgeon for malpractice, the plaintiff and her husband (who sued for consequential damages) had verdicts. The defendant's exceptions to the denial of his motion for directed verdicts bring the case here. There was evidence of several admissions made by the defendant. The medical evidence, apart from these admissions, was insufficient to take the case to the jury. But the admissions would warrant a finding that the plaintiff's injuries were caused by the defendant's negligence. The defendant takes the position that in a malpractice case admissions, unless corroborated by expert testimony, ought not to be sufficient to take a case to the jury. Recognizing that our decisions are to the contrary, the defendant urges that we do not follow them. This we decline to do. The case at bar is governed in principle by *Leary* v. *Keith,* 256 Mass. 157, 158, *Tully* v. *Mandell,* 269 Mass. 307, 309, *Zimmerman* v. *Litvich,* 297 Mass. 91, 94, and *Woronka* v. *Sewall,* 320 Mass. 362, 365.

*John F. Dunn* for the defendant.
*John J. McNaught* for the plaintiffs.