CELIA CINIS, administratrix, *vs.* FREDERICK A. POST & others. December 4, 1973. In this tort action for wrongful death and conscious suffering, exceptions were taken to the allowance of motions for directed verdicts in favor of three physicians. At oral argument the exceptions as to the defendant Zytkiewicz were waived. Notwithstanding the admission in evidence under G. L. c. 233, § 79C, of passages from the Overholt monograph, which supplied evidence that standard, sound medical practice requires exploratory thoracotomy without delay where cancer of the lung is known or thought to be present and where it is not shown to have metastasised, we are of the opinion that the jury was not in a position, in the absence of expert testimony on the subject, to have found with any reasonable medical probability that the intestate's cancer had not metastasised prior to June 9, when the defendant Post first saw the intestate, or even prior to June 1, when the defendant Kyrkos is alleged to have incorrectly recorded the results of the first thoracentesis. Absent explanatory expert testimony, we cannot say that the negative results of

medical tests conducted between June 1 and June 24 established a probability that the cancer had not yet metastasised. Dr. Post and the monograph both failed to provide specific evidence concerning the rate of metastasis, particularly crucial here where only a two to three week period was involved. Such a technical point is not one on which a jury could reasonably be expected to reach a conclusion without some form of expert medical testimony. *Murphy* v. *Conway,* 360 Mass. 746, 749 (1972). Thus, although there was evidence of negligence by the defendant physicians, the plaintiff failed to establish that their negligence was responsible for causing the intestate's death. *Wright* v. *Clement,* 287 Mass. 175 (1934). The motions for directed verdicts were properly allowed as to the counts against the defendants Post and Kyrkos.

*Exceptions overruled.*

*Albert P. Zabin* for the plaintiff.

*Christopher H. Worthington,* Assistant Attorney General (*Robert H. Quinn,* Attorney General, with him) for John Zytkiewicz & another.

*Edward L. Donnellan* for Frederick A. Post.