KATHLEEN T. COLLINS & another[1] *vs.* JOEL J. BARON.

Plymouth. January 12, 1984. — July 30, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence,* Doctor. *Evidence,* Admissions and confessions. *Practice, Civil,* Instructions to jury.

A new trial of a medical malpractice case was required by the fact that the judge gave instructions to the jury as to the necessity of expert evidence of negligence by the defendant doctor but failed to instruct the jury as to the effect of an admission of fault by the doctor, where the evidence at trial included both expert testimony and testimony regarding the doctor's admission, which, if believed, was independently sufficient to justify a finding of negligence. [567-571]

O'CONNOR, J., dissenting, with whom LYNCH, J., joins, on the grounds that the plaintiff had failed to request a proper instruction and had failed to state the grounds of her objection to the judge's failure to charge as requested. [571-573]

CIVIL ACTION commenced in the Superior Court on October 6, 1977.

The case was tried before *Pierce, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Daniel H. Kelleher (John J. Mackin* with him) for the plaintiffs.

*Jacob J. Locke* for the defendant.

ABRAMS, J. At issue is whether a new trial is required in this medical malpractice case because a judge gave instructions as to the necessity of expert evidence of negligence by the defendant doctor but failed to instruct the jury as to the effect

---

[1] The other plaintiff is John J. Collins, Kathleen T. Collins' husband, who is suing for loss of consortium. For purposes of convenience, we refer to Kathleen Collins as "the plaintiff" and to John Collins as "the husband."

of an admission of fault by the doctor. We conclude that a new trial is necessary.

The plaintiff's ureter was injured in the course of a hysterectomy performed by the defendant doctor, occasioning pain to the plaintiff and necessitating corrective surgery. During the trial of the plaintiff's malpractice action, the plaintiff presented expert testimony that a suturing procedure used by the defendant in attempting to control bleeding on the left side of the plaintiff's uterus did not conform to good surgical practice and caused the damage to the ureter. The defendant's medical expert opined that the defendant's operative procedure complied with accepted standards of care at the time of the surgery. The jury returned a verdict for the defendant. The plaintiff appealed, claiming error in the instructions to the jury. The Appeals Court affirmed the judgment, *Collins* v. *Baron,* 16 Mass. App. Ct. 926 (1983), and we granted further appellate review. We reverse and remand for a new trial.

In addition to the conflicting expert testimony, there was conflicting evidence concerning an admission allegedly made by the defendant in informing the plaintiff that her ureter had sustained damage during the hysterectomy. According to the plaintiff and her husband, the defendant stated at the time: "I made a mistake during the hysterectomy. I severed your ureter. It's all my fault. I'm very sorry this happened. I'm going to send you to a fine hospital for corrective surgery." The defendant contradicted this version of the conversation to the extent it imputed to him an acknowledgment of fault. According to the defendant, he told the plaintiff that a postoperative X-ray examination revealed that her ureter had been injured during the hysterectomy, that "[he] regretted that she sustained this complication of surgery," and that he was transferring her to another hospital for corrective surgery.

The plaintiff alleges error in the judge's refusal to incorporate in his charge a proposed instruction that "[a] statement by the defendant to the plaintiff and her husband that he had cut her ureter, that it was his fault, that he had made a mistake, and that he was sending her to a fine hospital in order that the damage be remedied, if believed by the jury, is more than a

statement of regret, or sympathy evoked by human suffering, and is an admission which is to be considered by the jury in arriving at its verdict." In explaining his refusal to give the proposed instruction, the judge said: "I try very hard to avoid comments on specific evidence. If I am going to do that, single out a portion of the evidence, I will draw greater attention to that portion of the evidence. I try to cover generally the appropriate areas of law but not [to] mention any specific evidence."

There was no error in the judge's refusal to give the specific instruction requested by the plaintiff. The judge was not required to repeat to the jury the plaintiff's version of the defendant's statement. "It is for the judge to determine how far the facts and the evidence should be discussed with the jury. He cannot be required to argue the case for a party on any issue." *Hayes* v. *Roslindale Taxi, Inc.,* 357 Mass. 767 (1970). "If a statement of the testimony is made by the judge, it should be fair and impartial." *Pfeiffer* v. *Salas,* 360 Mass. 93, 99 (1971), quoting *Sawyer* v. *Worcester Consol. St. Ry.,* 231 Mass. 215, 218 (1918). Although the judge could have recited both versions of the defendant's statement in the course of a general instruction on the impact of an admission of fault, see G. L. c. 231, § 81, there was no abuse of discretion in his refusal to do so. The plaintiff's argument to the judge, and on appeal, that the statement as recounted in the proposed instruction was uncontradicted, and indeed verified, by the defendant and therefore binding, see P.J. Liacos, Massachusetts Evidence 129-131 (5th ed. 1981), is negated by the record.

Apart from highlighting specific testimony favorable to the plaintiff, the proposed instruction hinted at, although it did not articulate, the potential role of an evidentiary admission of fault, if believed, in the jury's decision on the question of the defendant's negligence. A finding that such an admission was made entitled, but did not require, the jury to return a verdict for the plaintiff even if the jury would not have reached that

result on the basis of the expert testimony before them.[2] See *Manzoni* v. *Hamlin,* 348 Mass. 770 (1964); *Zimmerman* v. *Litvich,* 297 Mass. 91, 94 (1937). See also *Murphy* v. *Conway,* 360 Mass. 746, 748-749 & n.2 (1972); *Pfeiffer* v. *Salas,* 360 Mass. 93, 99-100 (1971); *Woronka* v. *Sewall,* 320 Mass. 362, 365-367 (1946). A doctor's admissions may be factual, see *Pfeiffer* v. *Salas, supra* (alleged admission that rod inserted in plaintiff's hip was two or three inches too long); *Woronka* v. *Sewall, supra* at 364 (alleged admission that plaintiff's burns resulted from chemical solution that remained in operating mat and "exposed her skin for too long a period"), or conclusory, see *Murphy* v. *Conway, supra* (alleged admission of "improper, unskillful, [and] negligent treatment"); *Woronka* v. *Sewall, supra* (alleged admission that injury occurred "because of negligence"). Testimony concerning conclusory admissions by a malpractice defendant may suffice to sustain a jury's finding of negligence if, from the admission, the jury "could infer an acknowledgment of all the necessary elements of legal liability." *Zimmerman* v. *Litvich, supra.* This court has previously stated that a doctor's admission that an injury was "his fault" sufficed to warrant a jury's finding of negligence, *Tully* v. *Mandell,* 269 Mass. 307, 308-309 (1929), and we do not perceive the defendant in this case to argue the contrary.

If the plaintiff was entitled to an instruction regarding the effect of the alleged admission, that right was not defeated by the vagueness of the plaintiff's request that the jury be told to "consider" the admission in reaching a verdict.[3] "Like other

---

[2] Where the malpractice plaintiff relies on admissions by the defendant doctor, the doctor is the functional equivalent of an expert for the plaintiff.

[3] A claim of error based on a judge's failure to instruct is preserved if "a specific request or objection [was] properly presented to the judge." *Ezekiel* v. *Jones Motor Co.,* 374 Mass. 382, 393 (1978). *Kane* v. *Fields Corner Grille, Inc.,* 341 Mass. 640, 646 (1961). Immediately after the judge gave the initial charge to the jury, the plaintiff reiterated her request for an instruction that the jury could consider the defendant's admission of fault in reaching a verdict. The plaintiff lodged her objection and informed the judge that the acknowledgement of fault "is an admission by the defendant to be considered by the jury." The judge declined, stating that he did not want to comment on specific evidence. "[W]here attention is properly di-

imperfect requests [the proposed instruction] . . . may have required the judge in his charge to cover adequately the [issue] upon which the [request] bore." *Barnes* v. *Berkshire St. Ry.,* 281 Mass. 47, 52-53 (1932). Our cases to date have not explicitly required an instruction on the effect of evidentiary admissions in a medical malpractice action. Although certain language in *Pfeiffer* v. *Salas, supra* at 100, relied on by the plaintiff, may be read as imposing such a requirement, that case on its facts went no further than to state that if a judge elects to instruct with respect to admissions, a litigant is entitled to a clear, correct instruction. *Id.* at 100-101. We conclude that in this case the judge's failure to give any instruction on the effect of an admission of fault was error.

Although in exceptional malpractice cases "the negligence and harmful results are sufficiently obvious as to lie within common knowledge," *Haggerty* v. *McCarthy,* 344 Mass. 136, 139-140 (1962), quoting *Cyr* v. *Giesen,* 150 Me. 248, 252 (1954), and cases cited, in most instances, including the case before us, breach of the special doctor-patient duty, as well as causation of the patient's injuries, must be established either through expert testimony or through an admission from which the jury can infer the elements of negligence and causation. Where the evidence at trial includes both expert testimony and testimony regarding an evidentiary admission, which, if believed, is independently sufficient to justify a finding of negligence, the judge, if he or she chooses to instruct the jury as to the importance of expert testimony, must instruct that the admission, if the jurors believe it was made, is sufficient to support a verdict for the plaintiff. A failure to do so places undue emphasis on the expert testimony and may leave the jury with the erroneous impression that, even if they credit the defendant's admission of fault, other credible expert testimony of the defendant's negligence is indispensable to a verdict for the plaintiff.

---

rected to the omission and it is not remedied, [a claim of error] may be sustained if necessary to render substantial justice." *Mahoney* v. *Gooch,* 246 Mass. 567, 571 (1923). We believe that the plaintiff's statement and the judge's response are together sufficient to satisfy Mass. R. Civ. P. 51, 365 Mass. 816 (1974).

In this case, the judge instructed the jury that "because of the complexity of the specialty involved in this case, expert medical opinion is necessary" to establish the defendant's negligence. Following a question from the deliberating jury as to the distinction between negligence and accident, the judge repeated the portion of the charge containing this statement. The judge need not instruct jurors that expert opinion is required. The issue for the jury is not the sufficiency of the evidence but whether the defendant exercised the degree of skill and care of the average practitioner in the defendant's specialty. Had the judge not instructed on expert testimony, we would not be faced with a challenge to his decision to focus only on a portion of the evidence of negligence.

However, the judge did highlight a portion of the evidence, and we cannot dismiss as insubstantial the possibility that the instruction on expert testimony, combined with his failure to instruct on the effect of an evidentiary admission of fault, misled the jury into believing that a finding that such an admission was made would not suffice to support the claim of negligence. The likelihood of prejudice to the plaintiff due to the emphasis of the charge on the importance of expert testimony is magnified by the plaintiff's principal reliance in closing argument on the defendant's statement to establish negligence in the operation,[4] and by assertions in the defendant's summation suggesting that a verdict for the plaintiff required expert medical testimony of negligence.[5] A litigant is entitled to a balanced charge. The instructions in this case fell short of that

---

[4] The plaintiff also tried the case on the theory that the defendant was negligent in his postoperative treatment of the plaintiff.

[5] In closing argument the defendant stated that "you [the jury] do have to find with respect to the medical issues that there was medical testimony to back it up." In conjunction with the portion of the judge's charge stating the necessity of expert testimony, the quoted language may have suggested to the jury that even if they found the defendant had admitted fault, they were required to find the opinion of the plaintiff's expert credible in order to find negligence in the operation.

mark. We therefore reverse the judgment and remand this case for a new trial.[6]

*So ordered.*


O'CONNOR, J. (dissenting, with whom Lynch, J., joins). I disagree with the court because I believe that the plaintiff failed to request a proper instruction, and also because the plaintiff failed to state the grounds of her objection to the judge's failure to charge as requested.

The judge chose to instruct the jury that expert medical opinion evidence was necessary to establish the defendant's negligence. Because of that, the plaintiff, *on proper request,* would have been entitled to a jury instruction, in substance, that if the jury were to find that the defendant had told the plaintiff that he had severed her ureter by mistake, that it was his fault, and that he was sorry, they could infer that the defendant had admitted his negligence, although that inference would not be required. *On proper request,* the plaintiff would have been entitled to a further instruction that if the defendant had admitted his negligence the jury could find on the basis of that testimony alone and without other credible expert testimony that he had in fact been negligent, although that finding would not be required. However, instructions of that type were not requested.

Before the charge, the plaintiff requested an instruction that "[a] statement by the defendant to the plaintiff and her husband that he had cut her ureter, that it was his fault, that he had made a mistake, and that he was sending her to a fine hospital

---

[6] Because the issue may recur at the new trial, we note that there is no merit to the plaintiff's claim that the judge was required to instruct the jury that an adverse inference could be drawn from the defendant's failure to call as a witness the medical associate who attended the plaintiff after the operation. The judge had discretion on the facts of this case to refuse the requested instruction. See *Commonwealth* v. *O'Rourke,* 311 Mass. 213, 222 (1942). See also *Grady* v. *Collins Transp. Co.,* 341 Mass. 502, 506 (1960).

in order that the damage be remedied, if believed by the jury, *is more than a statement of regret or sympathy evoked by human suffering, and is an admission which is to be considered* by the jury in arriving at its verdict" (emphasis added). At the conclusion of the charge, the plaintiff reiterated her request. The requested instruction could not properly have been given. In no event would it have been appropriate for the judge to invade the province of the jury by instructing that if the jury believed that the defendant made the statements attributed to him, those statements were more than statements of regret or sympathy and were admissions to be considered by the jury. Whether those statements, if the jury were to believe they were made, were anything more than statements of regret or sympathy, or were admissions to be considered by the jury, were questions of fact to be determined by the jury rather than by the judge in the form of rulings. At no time did the plaintiff request an instruction of the kind to which she was entitled.

Even if the plaintiff was entitled to an instruction that was not given, she failed to preserve her right to assign as error the judge's failure to give it. At the conclusion of the charge the plaintiff objected to the judge's omission of her requested instruction. However, she failed to state the *grounds* of her objection as is required by Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). That rule provides that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects *and the grounds of his objection*" (emphasis added). The plaintiff merely stated her objection. She articulated no grounds whatsoever. In particular, she did not even suggest that there was a reason why she was entitled to the requested instruction after the main charge that did not exist when the instruction was first requested. The plaintiff gave no hint that the judge's instruction on the importance of expert testimony created the risk that in the absence of the requested instruction the jury might erroneously think that an admission of fault by the defendant would be legally insufficient to warrant a verdict for the plaintiff. This court should not ignore the plain requirements of Mass.R.

Civ. P. 51 (b) that a party may not assign as error the failure to give an instruction unless he objects before the jury retires *and* states distinctly the grounds of his objection. Had the plaintiff complied with the rule, the error which the court holds necessitates a new trial might well have been avoided. Fairness to the prevailing party and to the taxpayers who support our courts requires that a party who fails to give the trial judge the help required by our rules should not be rewarded for that failure by being given a new trial. I would affirm the judgment below.