LoConto, J.
This matter came before the Western Appellate Division on the defendants’ appeal pursuant to Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal. We rule that the trial judge committed error by failing to respond to the Defendants’ Requests for Rulings of Law and for denying the Defendants’ Motion for a Directed Finding at the close of the plaintiff's case. The facts necessary for an understanding of this appeal are as follows.
The plaintiff brought this action to recover for injuries she allegedly sustained as a result of the negligence of the defendants’ operator while she was a passenger on one of its buses. The testimony, in the light most favorable to the plaintiff as obtained from the trial transcript, indicated that on the date contained in the complaint, the plaintiff entered the defendants’ bus to go home. She had frequently been a passenger on this route. That upon entering the bus, she took a front facing seat behind the driver. She recalled that the bus picked up and dropped off passengers. She testified that while the driver was letting off passengers, she heard a “bang” and “my head hit the side where you buzz, the panel where you buzz for the bus to stop.” The plaintiff testified that she believed that the driver was attempting to obtain a female passenger’s phone number. When asked what she then saw, felt, or heard, the plaintiff testified that she “blanked out,” and next remembered that she was near her stop. She testified that she requested an ambulance and the driver responded, “[I]t was my fault... Go sit down or I’ll throw you off the bus.” The plaintiff testified that she walked home from her stop, although she was in some pain. Her greatest concern was “going into a convulsion.” She testified that her mother let her into the apartment, whereupon she fell onto a bed and “I was gone into a convulsion.” An ambulance brought the- plaintiff to the hospital and she was released the same day. When asked on cross examination if the plaintiff knew how this accident happened, she testified, “no, I don’t.” The remainder of the plaintiff’s case consisted of her testimony of her injuries and the introduction of medical bills and reports. The plaintiff introduced no other evidence on the issue of liability.
The defendants claim that the judge committed error by admitting medical evidence without a proper foundation, by denying their Motion for a Directed Finding *79 at the close of the plaintiff’s case and by failing to respond to their Requests for Rulings of Law.
MEDICAL EVIDENCE. “Section 79G of G.Lc. 233 is a statutory exception to the hearsay rule, Phelps v. MacIntyre, 397 Mass. 459, 462 (1986), which renders admissible the medical records, reports and bills of hospitals and health providers as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician ... the prognosis of such physician... the opinion of such physician... as to proximate cause of the condition so diagnosed, [and] the opinion of such physician... as to disability or incapacity, if any, proximately resulting from the condition so diagnosed.” St. Leger v. Agency Rent A Car, Inc., 1993 Mass. App. Div. 170, 171 (1993). The reports and bills are admissible provided the offering party has satisfied the notice requirements prescribed in the statute. In this case, the plaintiff was entitled to the admission into evidence of the medical bills and reports she had submitted. There existed a causal relationship between the medical evidence and the purported injuries. It was appropriate for the judge to accept the medical evidence and to give this evidence tire weight he believed it was entitled to receive. We find no error in the ruling by the trial judge.
MOTION FOR REQUIRED FINDING. The plaintiff is not required “to point out the exact way in which the accident occurred as long as ... (she) showed a greater likelihood that ... (her) injuries came from an act of negligence for which the ... (defendant was) responsible.” Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 329 (1973). The fact that the plaintiff suffered injuries is not evidence that the defendants were negligent. Rogers v. Dalton, 298 Mass. 146 (1937). Here, the plaintiffs case consists of hearing a “bang” and the statement by the operator some time thereafter that “it was my fault.” Although an admission can suffice to sustain a finding of negligence, the fact finder must be able to infer the elements of negligence and causation. Collins v. Baron, 392 Mass. 565 (1984). In the instant case, there is no other evidence that the operator was negligent and his remark, without more, does not constitute an admission. “For a party's conduct to be admissible as an ‘admission,’... there must be at least a rational nexus between the conduct and what that conduct purportedly admits. In other words, the conduct which is offered as an admission must, in the normal course of events, be indicative of whether the party against whom it is offered actually so admitted.” LePage v. Bumila, 407 Mass. 163, 165 (Mass. 1990). Standing alone, the operator’s comment does not constitute an admission and cannot sustain the plaintiff’s burden of proving negligence. It was reversible error to deny the motion.
REQUEST FOR RULINGS. After the close of the evidence and before final arguments, the defendants’ counsel filed fifteen (15) requests entitled, “Defendants’ Requests for Findings of Fact and Rulings of Law.” After taking the matter under advisement, the trial judge rendered a written finding that the defendants breached their duty of care to the plaintiff, and as a result the plaintiff was injured. He further ruled that “the defendants’ requests fail to conform to Rule 64A of the Rules of District and Municipal Courts.”
We conclude that the requests conform to the requirements of the rule and that the trial judge was required to rule in writing where there were no findings of fact or conclusions of law that rendered the requests immaterial. Dist./ Mun. Cts. R. Civ. R, Rule 64A(c). The court’s non-action on the defendants’ requests amounted to a denial of each request for ruling of law and such denial *80 constituted error. Caccavaro v. American Motorists Ins. Co., 355 Mass. 782, 797-798 (1969).
In summary, we order that the clerk of the district court vacate the trial judge’s denial of the Defendants’ Motion for a Directed Finding made at the close of the plaintiff’s case and enter an order of this Division allowing said motion. We further order that judgment enter accordingly.